**Roosevelt POLLARD, Petitioner–Appellant,**

v.

**Paul DELO, Respondent–Appellee.**

No. 93–3510.

United States Court of Appeals,
Eighth Circuit.

Submitted April 11, 1994.

Decided July 7, 1994.

Rehearing and Suggestion for Rehearing
En Banc Denied Aug. 22, 1994.*

---

* Chief Judge Arnold and Judges McMillian and Wollman would grant the suggestion for rehearing en banc.

James C. Spangler, Sedalia, MO, for petitioner-appellant.

John W. Simon, Jefferson City, MO (Jeremiah W. (Jay) Nixon and John W. Simon, on brief), for respondent-appellee.

Before FAGG, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Roosevelt Pollard was convicted and sentenced to death for the 1983 murder of Blytheville, Arkansas businessman Richard E. Alford. He appealed directly to the Missouri Supreme Court, which affirmed his conviction. The Supreme Court of the United States denied certiorari. Mr. Pollard then filed a motion for state post-conviction relief, for which the motion court appointed counsel. After being denied state post-conviction relief, Mr. Pollard again appealed to the Missouri Supreme Court, which affirmed the motion court's denial of relief. Again, the Supreme ·Court of the United States denied certiorari.

Mr. Pollard next filed a petition for a writ of habeas corpus in the Missouri Supreme Court. When the Missouri Supreme Court denied relief, he filed the present petition for federal habeas corpus relief. The United States District Court for the Western District of Missouri denied his petition for habeas corpus, and this appeal followed.

I.

■ In his amended petition for a writ of habeas corpus, Mr. Pollard articulated over sixty claims. The first issue he raises on appeal is whether the district court erred in dismissing the first ten and the thirteenth of these claims as having been procedurally defaulted. Mr. Pollard does not dispute that he failed to assert nine of the ten claims in his state post-conviction relief proceeding. He asserts, however, that this failure was due to the ineffective assistance rendered by his post-conviction counsel, and that this ineffectiveness amounts to cause excusing the procedural default of these claims.

■ Federal courts will consider on habeas review procedurally defaulted claims only on a showing of cause for the procedural default and "actual prejudice resulting from the alleged constitutional violation," *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977), or by proving that the petitioner was "probably actually innocent" of the underlying offense or the death sentence imposed for it. *Sawyer v. Whitley,* — U.S. —, — n. 6, 112 S.Ct. 2514, 2519 n. 6, 120 L.Ed.2d 269 (1992). While Mr. Pollard makes no attempt to prove that he was "probably actually innocent" of murdering Mr. Alford, he does assert that his post-conviction counsel rendered ineffective assistance which caused the procedural default of the claims in question, and that this constitutes cause for considering these claims.

■ There is, however, no right to counsel in either state or federal post-conviction relief proceedings. *Coleman v. Thompson,* 501 U.S. 722, 752–53, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991) (no right to counsel in state habeas corpus proceedings); *McClesky v. Zant,* 499 U.S. 467, 494, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1991) (no right to counsel in federal habeas corpus proceedings). Where there is no constitutional right to counsel there can be no right to effective assistance of counsel. *Wainright v. Torna,* 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982). Since there is no right to effective assistance of counsel in state post-conviction proceedings, ineffective assistance of counsel cannot serve as cause for a petitioner's default. *Coleman,* 501 U.S. at 753–55, 111 S.Ct. at 2567. Accordingly, we hold that the district court did not err in denying Mr.

Pollard an evidentiary hearing on those claims that were procedurally defaulted due to an alleged shortcoming of his post-conviction counsel.

## II.

■ There is one claim among the first ten that Mr. Pollard advanced in his amended petition for habeas corpus that he does not concede was procedurally defaulted. That claim is that his trial counsel provided him ineffective assistance by failing to request an instruction at the penalty phase of his trial concerning the fact that he was 19 years of age when he committed the underlying offense. The district court concluded that this claim was defaulted because the Missouri Supreme Court found that this issue, among others, was procedurally barred under state law because it was not raised in the appeal on the merits. *See Pollard v. State,* 807 S.W.2d 498, 501 (Mo.1991) (en banc).

We believe that the district court correctly concluded that it was not at liberty to consider this claim. A federal court may address a habeas petition only where "the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on resolution of those claims, or to be interwoven with those claims, and did not clearly and expressly rely on an independent and adequate state ground." *Coleman,* 501 U.S. at 733, 111 S.Ct. at 2556. The Missouri Supreme Court did consider the merits of this claim, but only "as a matter of grace." *Pollard,* 807 S.W.2d at 502. The consideration and rejection of the claim on the merits, however, does not erase the fact that the court specifically and clearly found that the claim was procedurally barred by Mr. Pollard's failure to comply with the procedural requirement of alleging specific facts concerning this claim in his Missouri Rule 29.15 motion for post-conviction relief. As a result, this court cannot consider Mr. Pollard's seventh claim, and we affirm the district court's denial of relief upon it.

## III.

One claim that we may consider is Mr. Pollard's twelfth claim, namely, that his ap-

pellate counsel was constitutionally ineffective for omitting from his brief on direct appeal objections concerning the prosecutor's closing argument at trial. Mr. Pollard cites three statements made by the prosecutor that were not objected to contemporaneously by his trial counsel and not addressed by his appellate counsel. On this claim, Mr. Pollard filed a motion to recall the mandate. The Supreme Court of Missouri denied this motion, but did not provide reasons for its decision. Since we can discern no independent and adequate state law basis for the denial, we are not barred from considering the merits of this claim.

The effectiveness of Mr. Pollard's appeals counsel must be evaluated in light of the circumstances in which he was called on to perform. These include the fact that Mr. Pollard's trial counsel failed to object contemporaneously to the statements now complained of. On appeal, therefore, Mr. Pollard's appeals counsel could have sought review of these issues only under a plain error standard. Mo.S.Ct.R. 29.12(b) & 30.20. Furthermore, we must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Since "winnowing of the issues to eliminate a sure loser is the kind of performance that courts expect from competent counsel," *Horne v. Trickey,* 895 F.2d 497, 500 (8th Cir.1990), Mr. Pollard must overcome the *Strickland* presumption by showing that reasonable professional performance could not have omitted the prosecutor's statements from review under a plain error standard. Notwithstanding the view of the respondent-appellee, the district court's determination of how the prosecutor's statements may be characterized is a mixed question of law and fact, which we review under a de novo standard. This question may be distinguished from the one of exactly what it was that the prosecutor said, which is one of fact.

## A.

■ In the first of these statements, the prosecutor argued that "deep down inside,

even this defendant couldn't say that your decision [to impose the death penalty] was unfair." Mr. Pollard claims that this statement was an impermissible reference to the fact that he did not testify during the penalty phase of his trial.

■ Direct comments by a prosecutor on a defendant's failure to testify violates the Fifth Amendment's privilege against self-incrimination. *Griffin v. California*, 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106 (1965). Indirect references are also forbidden if they either "(1) manifest the prosecutor's intention to call attention to the defendant's failure to testify, or (2) are such that the jury would naturally take them as a comment on the defendant's failure to testify." *Horne v. Trickey*, 895 F.2d 497, 500 (8th Cir.1990).

We find it difficult to believe, however, that the statement in question could be characterized as a commentary on the defendant's failure to testify. First, the statement was clearly not a direct reference to Mr. Pollard's failure to testify. We also are not persuaded that it manifests any intention on the part of the prosecutor to call attention to the fact that Mr. Pollard did not testify. Finally, we frankly cannot see how anyone could naturally take this statement to be a comment on Mr. Pollards failure to testify. Rather than an impermissible reference to Mr. Pollard's failure to testify, we are quite persuaded that the prosecutor was attempting to argue that even by the defendant's lights the death penalty was an appropriate penalty for the crime. Accordingly, we are unpersuaded that his appellate counsel was constitutionally ineffective for failing to raise an objection to this statement for the first time on appeal.

### B.

■ Mr. Pollard also claims that his appellate counsel was constitutionally ineffective for failing to cite the prosecutor's use of the term "predator" in reference to him during oral argument. During closing argument, the prosecutor argued that "the defendant, being a predator, ... saw something he wanted, [and] took it." The prosecutor made a second reference to "people out there, pre-

dators, like this defendant, ..., who are ready to prey on the weak...." Mr. Pollard asserts that the "predator" epithet was intended to engender fear in the jurors that he posed a threat to themselves, their property, and their children, and was so improper as to deny him a fair trial as guaranteed him under the Due Process Clause.

It appears that Mr. Pollard's objection to the term predator rests in an unspoken inference that predators are animals. While we cannot say for certain that he believes this inference was made, we can say for certain that a reference to a defendant in a capital murder case as an "animal ... [that] shouldn't be out of his cell unless he has a leash on him" has been determined not so prejudicial as to deny a defendant a fair trial within the requirements of the Due Process Clause. *Darden v. Wainwright*, 477 U.S. 168, 180 nn. 11–12, 106 S.Ct. 2464, 2471 nn. 11–12, 91 L.Ed.2d 144 (1986). While the Court in *Darden* condemned the prosecutor's statements, it held that "it is not enough that the prosecutors' remarks were undesirable or even universally condemned," but rather, "[t]he relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* at 181, 106 S.Ct. at 2471.

When considered under "the narrow [standard] of due process, and not the broad exercise of supervisory power," *Id.*, we are not persuaded that it was plain error for the trial court to allow the word "predator" to be used in reference to him. Nor do we think such a reference rendered the results of his trial unreliable. We are therefore unpersuaded that Mr. Pollard's appellate counsel was constitutionally ineffective for failing to advance this claim on appeal.

### C.

■ Finally, Mr. Pollard maintains that his direct appeal counsel was ineffective for failing to raise the objection that the prosecutor impermissibly personalized his argument to the jury, thus violating petitioner's due process rights. During his argument, the prosecutor said:

I remember when I was a child that in the summertime we'd leave the front door open, ... people used to leave their keys in their car. We don't have that anymore. We've got to keep our doors locked, got to keep our cars locked, ... [c]an't let your kids walk home from the show at night anymore without worrying about them. Why is that? The reason is because of people like this man here....

We are not persuaded that these comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden* at 181, 106 S.Ct. at 2471. Accordingly, we are unable to say that Mr. Pollard's appellate counsel was constitutionally ineffective.

## V.

For the foregoing reasons, we affirm the decision of the district court and dismiss the petition.