# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2128

_____

Danny Ray Hill,

            Appellant,

v.

Marvin D. Morrison,

            Appellee.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Arkansas.
\*
\*
\*

_____

Submitted:  September 10, 2003

Filed:  November 19, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Danny Ray Hill appeals the district court's[1] dismissal of two habeas petitions he filed pursuant to 28 U.S.C. § 2241. The district court concluded it lacked jurisdiction over these habeas petitions because it, as a court of incarceration, has subject matter jurisdiction only if the remedies in the sentencing district are inadequate or ineffective. The district court determined Hill had not met his burden

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

on motions he filed pursuant to 28 U.S.C. § 2255. For the reasons set forth below, we affirm the district court's dismissal of Hill's habeas petitions.

I

Hill pleaded guilty in the United States District Court for the Western District of Oklahoma to possessing methamphetamine with intent to deliver in violation of 21 U.S.C. § 841. He had also been charged in state court with, among other things, possession of a weapon in commission of a felony. The state firearms charge was dismissed on May 2, 1997, pursuant to a state plea agreement. Hill pleaded guilty to the federal drug charge and was sentenced to 121 months imprisonment. He received a two-level enhancement to his sentence for possession of a firearm. On direct appeal, the Tenth Circuit affirmed Hill's conviction, concluding sufficient evidence supported the two-level firearm enhancement. United States v. Hill, 129 F.3d 131, 1997 WL 687734, at **3 (10th Cir. 1997) (unpublished table decision).

On July 27, 1998, Hill filed a motion in the Western District of Oklahoma to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging five instances of ineffective assistance of counsel. See United States v. Hill, 208 F.3d 227, 2000 WL 289622 at **1 (10th Cir. 2000) (unpublished table decision). The court denied the motion, and on appeal the Tenth Circuit declined to address Hill's argument regarding the "dismissed state charge" because he failed to raise the issue before the district court. Id.

In December 2000, Hill filed a second § 2255 motion in the Western District of Oklahoma, wherein he apparently argued his sentence should be reduced because the trial court considered drugs he possessed for personal consumption, rather than for distribution, for sentencing purposes. Before a trial court may consider a second or successive § 2255 motion, however, a petitioner must obtain permission from the court of appeals. 28 U.S.C. §§ 2244 and 2255. Accordingly, the district court for the

Western District of Oklahoma transferred the petition to the Tenth Circuit. On July 27, 2001, the Tenth Circuit denied Hill's request to file a second § 2255 motion concluding his arguments failed to satisfy the criteria set out in 28 U.S.C. § 2255. See 28 U.S.C. § 2255 (providing a court of appeals may grant a prisoner permission to file a second or successive habeas petition only if it: (1) is based upon newly discovered evidence that, if proven, would establish by clear and convincing evidence that no reasonable fact finder would have found the petitioner guilty; or (2) involves a new rule of constitutional law that the Supreme Court has held can be applied retroactively upon collateral review).

On September 21, 2001, Hill filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Eastern District of Arkansas where he was incarcerated, alleging the district court in Oklahoma violated his constitutional rights when it enhanced his sentence based on the state firearms offense later dismissed. On November 13, 2001, Hill filed in Arkansas a second petition for a writ of habeas corpus under § 2241, alleging the Oklahoma court further violated his constitutional rights by including personal use amounts in the guideline calculations.

The district court consolidated the two habeas actions and concluded it lacked jurisdiction over Hill's collateral challenges to a federal conviction or sentence filed pursuant to 28 U.S.C. § 2241 in the court of incarceration. Adopting the proposed findings and recommended disposition of Magistrate Judge J. Thomas Ray, the district court concluded Hill's § 2241 petitions failed to satisfy the requirements of the "savings clause" of § 2255, which provides the court of incarceration as having subject matter jurisdiction over a collateral attack on a conviction or sentence rendered by another district court only if the remedies in the sentencing district are inadequate or ineffective. This court granted a certificate of appealability.

## II

This court renders de novo review of a district court judgment dismissing a habeas corpus petition filed under § 2241. United States v. Lurie, 207 F.3d 1075 (8th Cir. 2000) (citing Charles v. Chandler, 180 F.3d 753, 755 (6th Cir. 1999)).

It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 (in this case, the Western District of Oklahoma), and not in a habeas petition filed in the court of incarceration (in this case, the Eastern District of Arkansas) under § 2241. See DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (citations omitted). Section 2255's "savings clause" provides that an application for relief

> shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

Thus, the issue before this court is whether § 2255 was inadequate or ineffective to test the legality of Hill's conviction. If § 2255 was adequate or effective, then the district court properly concluded that it lacked jurisdiction to entertain Hill's § 2241 claims. We believe § 2255 was adequate and effective in this case, as Hill has provided no credible evidence to the contrary.

The prisoner has the burden of demonstrating § 2255 relief in the sentencing court would be unavailable or ineffective. DeSimone, 805 F.2d at 323 (quoting Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam)). Significantly, in order to establish a remedy is "inadequate or ineffective" under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition. This court has held

a § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied," (2) "[the] petitioner has been denied permission to file a second or successive § 2255 motion," (3) "a second or successive § 2255 motion has been dismissed," or (4) "[the] petitioner has allowed the one year statute of limitations and/or grace period to expire." Lurie, 207 F.3d at 1077 (citations omitted).

In view of these standards, we must decide whether the district court properly held § 2255 was neither inadequate nor ineffective in this matter. Hill first contends he was improperly denied the opportunity to raise the question of whether his sentence must be reduced because the sentencing judge in Oklahoma included personal use amounts in its drug calculations. He bases this argument upon the Tenth Circuit's opinion in United States v. Asch, 207 F.3d 1238 (10th Cir. 2000), which was decided subsequent to Hill's filing of his first § 2255 petition in Oklahoma in July of 1998,[2] yet prior to Hill's filing of a second § 2255 petition there in December 2000. In Asch the Tenth Circuit held, for the first time, when sentencing a defendant for conspiring to distribute drugs a court could consider drugs obtained for personal consumption when determining relevant conduct under the Sentencing Guidelines, but not when determining the statutory sentencing range under 21 U.S.C. § 841. Id. at 1244-46.

During his sentencing proceedings, Hill objected to the amount of drugs for which he should be held accountable. Apparently he did not specifically claim personal use as opposed to distribution. Also, he did not raise this issue in his first § 2255 petition filed in Oklahoma in July 1998. It is not clear from the Tenth Circuit's order whether Hill raised this argument in his second § 2255 petition, however both parties asserted in their pleadings Hill did so. See February 11, 2002 Proposed Findings and Recommended Disposition at n. 4 (Joint Appendix at 46).

_____

[2]Although Hill's brief does not develop this specific argument, we assume that Asch is the "change in law" to which Hill refers throughout his brief.

We squarely reject Hill's argument because his remedies under § 2255 were neither inadequate nor ineffective to raise the argument personal use amounts should not be included in drug quantity calculations when a defendant is charged with possession with intent to distribute. A prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could or was actually raised in the § 2255 motion filed in the sentencing district. See Lurie, 207 F.3d at 1077-78 (finding Lurie had failed to demonstrate the § 2255 motion was inadequate or ineffective because all of the claims asserted could have been maintained in a timely § 2255 motion or on direct appeal).

Hill had at least two opportunities to raise this argument before the sentencing district. First, nothing precluded Hill from making his personal use argument in his first § 2255 motion, nor was he precluded from raising this argument, and invoking Asch specifically, in his second § 2255 motion. Even if he did actually raise the issue in his second § 2255, and the Tenth Circuit declined to grant him permission to file a second or successive habeas petition based on his arguments regarding Asch, then his attempt to again raise the Asch question in his § 2241 is no more than a transparent attempt to bypass the ruling of the Tenth Circuit.

The second question this court must decide is whether the district court erred in its conclusion it lacked jurisdiction to entertain Hill's claim his federal sentence must be reduced because it was enhanced based upon a state firearms charge which was dismissed. As previously discussed, a § 2241 habeas petitioner cannot raise, in the district of incarceration, an issue which could have been or actually was raised in a § 2255 motion filed in the sentencing district. Lurie, 207 F.3d at 1077-78. Therefore, even though Hill did not raise the issue regarding the state's dismissal of the firearms charge in his initial § 2255 motion, he clearly could have done so because the state dismissed the firearms charge in May 1997, over a year before Hill filed his first § 2255 motion in July 1998.

## III

For the foregoing reasons, we conclude § 2255 provided both an adequate and an effective vehicle to test the legality of Hill's conviction. Accordingly, we affirm the district court's order dismissing Hill's habeas petitions.

_____