# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 03-1645

_____

| | | |
|---|---|---|
| Mustafa Abdullah, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Bill Hedrick, Warden, United States Medical Center for Federal Prisoners, | * | |
| | * | |
| | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: January 15, 2004
Filed: December 17, 2004

_____

Before MELLOY, BRIGHT, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Mustafa Abdullah appeals the district court's[1] dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2241 (2000). The issue in this case is whether, in the circumstances presented, 28 U.S.C. § 2255 (2000) is inadequate or ineffective to test the legality of Abdullah's conviction, such that a district court

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

would have jurisdiction to consider a § 2241 petition for habeas corpus relief. We agree that the district court had no jurisdiction to consider Abdullah's claim, and we affirm the judgment of the district court.

## I.

Abdullah's claim, stemming from a firearm conviction under 18 U.S.C. § 924 (c)(1) (1988), has been before this court before. The factual background of his claim is more fully developed in the previous opinions. In brief, Abdullah pleaded guilty to charges of drug distribution under 21 U.S.C. §§ 841 and 846 (1988), and "use" of a firearm under § 924(c)(1). We affirmed on appeal. See United States v. Abdullah, 947 F.2d 306 (8th Cir. 1991), cert. denied, 504 U.S. 921 (1992).

In 1993 Abdullah filed a § 2255 motion raising ineffective-assistance-of-counsel claims. In this motion, Abdullah did not argue that his § 924(c)(1) conviction was invalid because he had not properly understood the statute's definition of the word "use." In December 1995 the Supreme Court decided Bailey v. United States, 516 U.S. 137 (1995). Bailey held that the "use" element in § 924(c)(1) "requires evidence sufficient to show an active employment of the firearm by the defendant." Bailey, 516 U.S. at 143. Thereafter, in March 1996, while his § 2255 motion was pending in the district court, Abdullah filed a pro se motion in the district court in which he argued, for the first time, that his § 924(c)(1) conviction was invalid under Bailey. Because Abdullah was represented by counsel, the district court refused to accept the motion. Abdullah v. United States, 240 F.3d 683, 685-86 (8th Cir.), cert. denied, 534 U.S. 923 (2001). "The district court denied the motion without consideration of its contents and instructed the clerk to return the motion to Abdullah's attorney of record. Abdullah's private counsel never raised the Bailey argument on his behalf." Id. at 686. The district court denied Abdullah's § 2255 motion in September 1996. Id. at 684.

Appealing the denial of his § 2255 motion, Abdullah again argued that his § 924(c)(1) conviction was invalid. Id. at 684-85. Abdullah argued, and it was conceded by the government, that the firearm conviction was invalid under Bailey and Bousley v. United States, 523 U.S. 614, 616 (1998). Abdullah, 240 F.3d at 685. Affirming the district court, we held that Abdullah had "procedurally defaulted the Bailey/Bousley argument" by not properly presenting the argument to the district court in his initial § 2255 motion. Abdullah, 240 F.3d at 686. We also held that his claim was more properly considered an attempt to file a second or successive § 2255 motion and that Abdullah was time-barred from presenting the claim in a second motion because of the one-year time limit in § 2255. Id.

Abdullah now seeks to present his Bailey claim through a § 2241 petition. The district court dismissed the petition as improperly filed under § 2241. We review de novo the district court's dismissal of Abdullah's § 2241 petition. United States v. Lurie, 207 F.3d 1075, 1076 (8th Cir. 2000).

II.

A petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003); Lurie, 207 F.3d at 1077. The requirement that a petitioner must first demonstrate that § 2255 is "inadequate or ineffective" comes from § 2255's savings clause:

> An application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

In such cases, the petitioner has the burden of showing that the remedy under § 2255 would be inadequate or ineffective. Hill, 349 F.3d at 1091. It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Id. Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred. Lurie, 207 F.3d at 1077. Abdullah argues that he satisfies the "inadequate or ineffective" prong of the savings clause, and should therefore be permitted to bring a claim under § 2241, because he has demonstrated that he is "actually innocent" of the crime for which he was convicted.[2] He argues that a showing of actual innocence, coupled with the procedural inability to raise his claim under § 2255, amounts to more than a mere procedural barrier to raising his claim. We have previously declined to decide "whether a claim of 'actual innocence' allows a petitioner to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." Lurie, 207 F.3d at 1077 n.4. We also did not consider the merits of Abdullah's actual innocence claim in his prior appeal from the denial of his § 2255 motion. Abdullah, 240 F.3d at 686.

### III.

In support of his attempt to use § 2241 as a vehicle to present his claim, Abdullah cites several cases from other circuits in which the courts have, under limited circumstances, permitted petitioners to use § 2241 to bring a Bailey claim. The Second, Third, Fourth, Fifth, and Seventh Circuits have considered such claims in the context of Bailey challenges. Other circuits have considered the issue in other contexts. In each case, the courts have similarly limited the use of § 2241 petitions to cases in which the petitioner asserts a claim of actual innocence and never had an

---

[2] To make an actual innocence showing, Abdullah would have to prove "not only actual innocence of the gun charge but also of the more serious charges the government dismissed in exchange for the guilty plea." See Abdullah, 240 F.3d at 686 n.4 (citing Dejan v. United States, 208 F.3d 682, 686 (8th Cir. 2000)).

4

unobstructed procedural opportunity to raise the claim. After carefully considering those cases and the circumstances of Abdullah's petition, we hold that § 2255 was not inadequate or ineffective to raise Abdullah's claim because, as our first opinion pointed out, regardless of his ability to demonstrate actual innocence, Adbullah did have an unobstructed procedural opportunity to raise his claim.

The Third Circuit first considered a Bailey claim in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). In Dorsainvil, the petitioner, like Abdullah, was convicted of use of a weapon under § 924(c)(1). Dorsainvil sought collateral relief under § 2255. In 1994, the district court denied his first § 2255 motion. Id. at 246. In December 1995 Bailey was decided, and in April 1996 the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted. AEDPA amended § 2255, imposing strict restrictions on when second or successive § 2255 motions could be filed. The Third Circuit denied Dorsainvil's request to file a second § 2255 motion. Id. at 247-48. The court found that he did not qualify under the amended § 2255 for permission to file a second or successive petition because he had presented no change in factual circumstances, id. at 247, and Bailey was not a "new rule of constitutional law," id. at 248. However, the court concluded that "under narrow circumstances, a petitioner in Dorsainvil's uncommon situation may resort to the writ of habeas corpus codified under 28 U.S.C. § 2241." Id. Noting that Dorsainvil had demonstrated actual innocence because he had been convicted for conduct that the law did not make criminal, the court also reasoned that "Dorsainvil does not have and, because of the circumstance that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1)." Id. at 251. The court stated that allowing § 2241 to be used by someone in Dorsainvil's position "[was] hardly likely to undermine the gatekeeping provisions of § 2255." Id.[3]

---

[3] See also United States v. Brooks, 230 F.3d 643, 649 (3d Cir. 2000), reh'd on other grounds, 245 F.3d 291 (3d Cir. 2001) (holding that § 2255 was not inadequate

Soon after Dorsainvil, the Second Circuit decided Triestman v. United States, 124 F.3d 361 (2d Cir. 1997). In 1992, Triestman pleaded guilty to use of a firearm under § 924(c)(1). Id. at 363. His § 924(c)(1) conviction was affirmed on direct appeal. Id. at 364. In 1994, Triestman filed his first § 2255 motion attacking the validity of his guilty plea because "he had entered into it under the mistaken belief that he could be convicted on the basis of the mere possession of a firearm." Id. The district court denied the motion, and the Second Circuit summarily affirmed in 1995, before Bailey was decided and before § 2255 was amended. Id. In 1996 the Second Circuit denied authorization to file a successive § 2255 motion. Id. at 365-66. Although Triestman's claim would have been cognizable under the old § 2255, id. at 368, the court held that Triestman did not satisfy the requirements of the amended statute for second or successive motions, id. at 369. Thus, Triestman was not permitted to file a successive § 2255 motion, "despite the fact that, as a practical matter, [he] would not have been able to raise this fundamental claim of actual innocence any sooner." Id.

However, the Second Circuit concluded that § 2255 was inadequate or ineffective to test the legality of the conviction and that Triestman could bring his claim under § 2241. Id. at 373, 378-79. The court concluded "that serious due process questions would arise if Congress were to close off all avenues of redress in such cases, especially when the prisoner could not have raised his claim of innocence–which appears on the record–in an effective fashion at an earlier time." Id. at 379.[4]

_____

or ineffective where the petitioner previously had a meaningful opportunity to present his claim to the district court).

[4]Subsequent cases in the Second Circuit have underscored the limited circumstances under which the court is willing to deem § 2255 inadequate or ineffective. See Love v. Menifee, 333 F.3d 69, 73 (2d Cir. 2003), cert. denied, 124 S. Ct. 1478 (2004); Poindexter v. Nash, 333 F.3d 372, 378 (2d Cir. 2003), cert. denied, 124 S. Ct. 1486 (2004).

Next, the Seventh Circuit considered a <u>Bailey</u> claim in <u>In re Davenport</u>, 147 F.3d 605 (7th Cir. 1998). In <u>Davenport</u>, the court considered two consolidated appeals from district court orders denying § 2241 habeas petitions. <u>Id.</u> at 607. In the first case, petitioner Davenport had been convicted of being a felon in possession of a firearm and his sentence was enhanced under the armed career criminal statute. His first § 2255 petition was denied. <u>Id.</u> In 1997 the district court construed his § 2241 petition as a successive § 2255 motion and dismissed it because Davenport had not received authorization from the court of appeals. In the companion case, petitioner Nichols had been convicted under § 924(c)(1). <u>Id.</u> His conviction was affirmed on appeal and his first § 2255 motion was denied before <u>Bailey</u> was decided. After <u>Bailey</u>, Nichols brought a second collateral attack, but the petition was dismissed. <u>Id.</u>

The Seventh Circuit noted that in both cases, "[the petitioners'] arguments go to the fundamental legality of their sentences." <u>Id.</u> at 609. Acknowledging that "[t]he essential function [of habeas corpus] is to give a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence," the court found that Davenport had already been given a reasonable opportunity to test the legality of his conviction. <u>Id.</u> The court noted that Davenport could have raised his claim on direct appeal or in his first § 2255 motion. <u>Id.</u> "Nothing in § 2255 made the remedy provided by that section inadequate to enable Davenport to test the legality of his imprisonment. He had an unobstructed procedural shot at getting his sentence vacated." <u>Id.</u> The court also rejected Davenport's argument that an arguably innocent person must be allowed to seek relief under § 2241 if, for any reason, he is unable to use § 2255 to attack the conviction.

> Society . . . is unwilling to expend indefinitely large judicial resources on repeated testing of the accuracy of a determination of guilt. The amended section 2255 gives a convicted defendant only one further bite at the apple after his direct appeal unless he can demonstrate a compelling reason, as defined in the section (newly discovered evidence of innocence or a new and retroactive rule of constitutional law), for

7

being allowed a third bite (the first being the direct appeal, the second the first postconviction proceeding). We do not think it plausible that the Constitution requires more, in which event there would be an argument for construing the escape hatch more broadly in order to preserve the constitutionality of section 2255. . . .

Id. at 610.

However, the Seventh Circuit found petitioner Nichols' argument more compelling.  It observed that "Nichols had no reasonable opportunity, either when he was convicted and appealed or later when he filed a motion for postconviction relief under section 2255, to challenge the legality of his conviction." Id.  The court noted that at the time of Nichols' first § 2255 motion, Bailey had not been decided yet and circuit law had been against him.  Id.  After AEDPA passed, Nichols was unable to use § 2255 to file a successive motion because he was unable to satisfy the requirements of the amended § 2255 for successive motions.   Id.  The Seventh Circuit held that Nichols would be allowed to present his claim through a § 2241 petition in the district court, id. at 612, ruling that  "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first § 2255 motion,"[5] id. at 611.

In similar cases, the Fourth and Fifth Circuits have also provided guidance as to when § 2255 might be inadequate or ineffective to test the legality of a conviction. See In re Jones, 226 F.3d 328 (4th Cir. 2000); Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001).  These cases also involved challenges to Bailey convictions.

---

[5]The Seventh Circuit added three qualifications to the rule, but those qualifications are not relevant here. See id. at 611-12. See also Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002) (holding that "§ 2255 is 'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review – and then only when as in Davenport the claim being foreclosed is one of actual innocence.")

In both cases, the petitioners filed their first § 2255 motions before Bailey was decided and before the amendments to § 2255. Jones, 226 F.3d at 330; Reyes, 243 F.3d at 895. Each was denied permission to raise the claim in a successive § 2255 motion because he could not meet the strict requirements of § 2255 for successive motions. Jones, 226 F.3d at 330; Reyes, 243 F.3d at 895. Citing the Seventh and Second Circuits, the courts held that in the limited circumstances presented by the cases before them, the petitioners could use § 2241 to present their claims. Jones, 226 F.3d at 334; Reyes, 243 F.3d at 906. Both courts emphasized that the circumstances were special because, in each case, not only did the petitioner assert a viable claim of actual innocence, but also the petitioner had not had an earlier procedural opportunity to raise the claim. Jones, 226 F.3d at 332; Reyes, 243 F.3d at 904 (specifying that in order to invoke the § 2255 savings clause, prior law must have prevented petitioner from successfully raising the claim at an earlier procedural phase).

Other courts have addressed the issue in cases involving challenges to convictions under other statutes. In Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999), the Eleventh Circuit decided such a case. Wofford had been convicted of drug and firearm charges and his first § 2255 motion was denied. Id. at 1237. The Eleventh Circuit denied permission to file a second motion because Wofford's claims did not satisfy the stringent requirements of the amended § 2255. Id. at 1238. Wofford later attempted to use a § 2241 petition to raise the same issues and arguments as in the second § 2255 motion. The Eleventh Circuit held that § 2255 was not inadequate or ineffective to challenge his conviction. Id. at 1245. The court emphasized that "Wofford had a procedural opportunity to raise each of his claims and have it decided either at trial or on appeal." Id. "[The savings clause] does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." Id. The Eleventh Circuit also agreed with the Seventh Circuit that, in most cases, with Bailey as a rare exception, a petitioner will have had "an unobstructed procedural shot" at challenging his conviction. Id. at 1244 (citation and internal marks omitted). See also Ivy v. Pontesso, 328 F.3d 1057, 1061 (9th Cir.), cert.

denied, 124 S. Ct. 807 (2003) (holding that § 2255 had not been inadequate or ineffective to test the legality of the petitioner's conviction where the petitioner "[had] not been denied an unobstructed procedural opportunity to present [his claim]"); United States v. Barrett, 178 F.3d 34, 53 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.")

IV.

Comparing the facts of Abdullah's case with those of the cases detailed above, we conclude that it is clear that Abdullah has not shown that § 2255 was inadequate or ineffective to test the legality of his conviction. In the cases in which the petitioners were permitted to use § 2241, the courts found that the petitioners had no earlier procedural opportunity to present their claims. Our sister circuits found that lack of an earlier opportunity to be an important factor in finding a potential due process violation. We agree that the Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed." Wofford, 177 F.3d at 1244.

Abdullah, as we discussed in the previous opinion, see Abdullah, 240 F.3d at 686, did have an unobstructed procedural opportunity to present his claim–either by amending his first § 2255 motion or by presenting a timely second § 2255 motion and receiving authorization to file it. Abdullah's failure to seize that opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction. We have previously held that § 2255 is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand. See Hill, 349 F.3d at 1092 (holding that § 2255 is not inadequate or ineffective where the petitioner had "at least two

10

opportunities to raise [his] argument before the sentencing court"). At bottom, this case is really a claim that Abdullah received ineffective assistance of counsel from his privately retained § 2255 postconviction relief lawyer when that lawyer failed to amend the § 2255 motion to include the Bailey claim. There is no Sixth Amendment right to constitutionally effective counsel in § 2255 proceedings. See Clay v. Bowersox, 367 F.3d 993, 1005 (8th Cir. 2004) ("There is no federal constitutional right to the effective assistance of post-conviction counsel."); United States v. Craycraft, 167 F.3d 451, 455 (8th Cir. 1999) ("There is no general right to counsel in post-conviction habeas proceedings for criminal defendants."); Pollard v. Delo, 28 F.3d 887, 888 (8th Cir.) ("Where there is no constitutional right to counsel there can be no right to effective assistance of counsel."), cert. denied, 513 U.S. 1003 (1994). Because Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition.

For the reasons stated, we affirm the judgment of the district court.

BRIGHT, Circuit Judge, dissenting.

I dissent because the record demonstrates Abdullah did not have an adequate opportunity to present his arguments for a remedy under § 2255.

The background that underlies my views is set forth in Judge Heaney's dissent in Abdullah v. United States, 240 F.3d 683, 687-88 (8th Cir.), cert. denied, 534 U.S. 923 (2001), and they are as follows: (1) Abdullah's conviction is invalid after Bailey and Bousley; (2) Abdullah timely filed a pro se motion raising the Bailey issue; (3) the district court disregarded Abdullah's motion; (4) the district court returned Abdullah's motion to his attorney (without notifying Abdullah); and (5) Abdullah's

11

attorney failed to assert the <u>Bailey</u> issue in the pending § 2255 petition because of apparent illness. I repeat those essential matters in more detail.

Abdullah received no effective remedy under § 2255, because the district court barred him of the opportunity to present his argument for a remedy. Abdullah filed a pro se motion, which the district court denied without considering the contents. The district court sent Abdullah's pro se motion to Abdullah's attorney, without notifying Abdullah. Because the district court did not return the motion to Abdullah, Abdullah could reasonably believe that the district court was considering his motion. Abdullah's lawyer may not have acted on the motion because of illness, but we cannot know the lawyer's reason for his inaction because he has since died.

In addition, the clerk of the district court provided Abdullah with a confusing explanation about the pro se motion, which may have led Abdullah, a person with little knowledge regarding the intricacies of the court system, to believe the substance of his motion would be acted upon by the district court. This probable belief is shown by Abdullah's second pro se motion that he filed with the district court on June 18, 1997, in which Abdullah questioned why the <u>Bailey</u> issue had not been addressed by the district court. The combined effect of these circumstances prevented Abdullah from seeking an effective remedy under § 2255 for his unlawful conviction for use of a firearm pursuant to <u>Bailey</u>.

Under the majority opinion Abdullah must continue serving time for this invalid conviction for want of a remedy in the courts of the United States. I disagree.

In limited circumstances § 2241 may provide a petitioner an avenue of relief where § 2255 is inadequate or ineffective to test the legality of a conviction. As the majority notes, the Second, Third, Fourth, Fifth, and Seventh Circuits have all

12

indicated that in limited circumstances § 2241 may be used to raise a <u>Bailey</u> claim where a petitioner had not had an opportunity to challenge a firearm conviction that should be set aside under <u>Bailey</u>. <u>See</u> <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997); <u>Triestman v. United States</u>, 124 F.3d 361, 377-80 (2d Cir. 1997); <u>In re Davenport</u>, 147 F.3d 605, 610 (7th Cir. 1998); <u>In re Jones</u>, 226 F.3d 328, 333-34 (4th Cir. 2000); <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904-06 (5th Cir. 2001). In each of the cases cited, the prisoners filed a § 2255 petition for relief before the <u>Bailey</u> opinion had issued and when it would have been futile to challenge the "use" prong of the 924(c) firearm statute. These circuits stated that the issue could not be raised by a second petition for § 2255 relief based on <u>Bailey</u>, but that the prisoner could file for relief under the habeas corpus statute § 2241, because relief under § 2255 was not available. Here, while Abdullah sought § 2255 relief after <u>Bailey</u>, the circumstances were such that the actions of the district court and the district court's clerk effectively denied Abdullah the opportunity to seek relief under § 2255. The rationale for allowing § 2241 relief in the cases (<u>In re Dorsainvil</u>, 119 F.3d at 251; <u>Triestman</u>, 124 F.3d at 377-80; <u>In re Davenport</u>, 147 F.3d at 610; <u>In re Jones</u>, 226 F.3d at 333-34; <u>Reyes-Requena</u>, 243 F.3d at 904-06) should apply to Abdullah's situation. Abdullah did all that can be reasonably expected of a defendant, and the district court's actions effectively foreclosed Abdullah, on purely procedural grounds, from the opportunity to present his claim. In this unusual case, petitioner should be allowed to seek relief in his § 2241 (habeas) petition. It is a complete miscarriage of justice for Abdullah to continue serving time in prison for a conviction that is invalid after <u>Bailey</u>.

Accordingly, I would reverse the dismissal of the petition for habeas corpus and remand to the district court for a decision on the merits of petitioner's claims.

_____