# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3520

_____

Ruben Lopez-Lopez,                    *
                                      *
         Appellant,                   *
                                      *   Appeal from the United States
    v.                                *   District Court for the
                                      *   Eastern District of Arkansas.
Lisa Sanders, Warden, FCI -           *
Forrest City,                         *
                                      *
         Appellee.                    *

_____

Submitted:  November 16, 2009
    Filed:   January 11, 2010

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Ruben Lopez-Lopez, a federal inmate in Arkansas, appeals the dismissal of his petition for habeas corpus under 28 U.S.C. § 2241. Convicted of drug offenses, Lopez-Lopez was sentenced to 235 months' imprisonment by the United States District Court in Puerto Rico. The First Circuit affirmed the conviction and sentence. *See United States v. Lopez-Lopez*, 282 F.3d 1 (1st Cir. 2002). He later sought relief under 28 U.S.C. § 2255 in the sentencing court, alleging ineffective assistance of trial counsel. After that court and the First Circuit denied a certificate of appealability, Lopez-Lopez petitioned the district court for the Eastern District of Arkansas for relief under § 2241. The district court dismissed the petition, and this court affirmed,

concluding he failed to show that § 2255 relief was either inadequate or ineffective. *See Lopez-Lopez v. Sanders*, 256 Fed. Appx. 15, 16 (8th Cir. 2007), *cert. denied*, 128 S. Ct. 2945 (2008). Lopez-Lopez filed a new complaint, again asserting his claims under § 2241. Lopez-Lopez now argues that the savings clause of § 2255 allows him to seek relief under § 2241 and that his post-conviction counsel was ineffective. The district court[1] dismissed his petition. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

A federal inmate generally must challenge a conviction or sentence through a § 2255 motion. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). The savings clause of § 2255 permits a petition under § 2241 if the § 2255 remedy is inadequate or ineffective to test the legality of a conviction or a sentence. *See* **28 U.S.C. § 2255(e)**. The inmate bears the burden of showing that the remedy is inadequate or ineffective. *Abdullah*, 392 F.3d at 959. This court reviews de novo the dismissal of a § 2241 petition. *Id.*

Lopez-Lopez first alleges that the sentencing court misunderstood or failed to adequately address his § 2255 claim. This recasts the argument previously rejected by this court. *See Lopez-Lopez*, 256 Fed. Appx. at 16. As this court explained, "the fact that a claim was previously raised in a § 2255 motion and rejected by the sentencing court does not provide the necessary showing that § 2255 was inadequate or ineffective." *Id.* Here, Lopez-Lopez merely cites a procedural barrier to relief, the failure by the sentencing court to address his claim on the merits. This, however, does not allow a petition under § 2241. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (reasoning that a procedural bar to § 2255 relief does not alone render the remedy inadequate or ineffective).

---

[1] The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the Report and Recommendation of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

Lopez-Lopez next argues that the inadequate performance of his habeas counsel entitles him to pursue relief under § 2241. His argument is without merit. There is no constitutional right to effective assistance of counsel in habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Abdullah*, 392 F.3d at 964. The district court correctly ruled that Lopez-Lopez's allegation of ineffective post-conviction counsel is insufficient to establish § 2255 relief as inadequate or ineffective.

The judgment of the district court is affirmed.

_____