# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3251

_____

Victor Villegas,

        Appellant,

v.

Duke Terrell, Warden,

        Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: May 14, 2010
Filed: May 19, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Federal inmate Victor Villegas appeals the district court's[1] dismissal of his 28 U.S.C. § 2241 petition with prejudice. In his petition, Villegas alleged that he had been improperly denied 40 days of good time credit when a Disciplinary Hearing Officer (DHO) relied on insufficient evidence to determine that he had committed a disciplinary violation. After careful de novo review, see Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003), we conclude that the district court did not err in its

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, adopting the report and recommendations of Janie S. Mayeron, United States Magistrate Judge for the District of Minnesota.

dismissal since Villegas's petition showed that he had received a full hearing before the DHO, the DHO had made written findings sufficient to meet procedural due process requirements, and there was some evidence in the record supporting the DHO's findings. See Superintendent v. Hill, 472 U.S. 445, 455-56 (1985) (some evidence must support decision by prison disciplinary board to revoke good time credits; relevant question is whether there is any evidence in record that could support conclusion reached by disciplinary board); Dible v. Scholl, 506 F.3d 1106, 1110 (8th Cir. 2007) (in prisoner disciplinary proceeding, prisoner must receive advance written notice of charges, opportunity to call witnesses and present defense, and written statement of evidence relied upon by fact finder and reasons for disciplinary action); cf. Mason v. Sargent, 898 F.2d 679, 679-80 (8th Cir. 1990) ("some evidence" standard met where contraband was found in locker and inmate argued that another inmate had admitted placing it there).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____