# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-2248

———————

Richard D. Talbott,             *
                                  *
        Appellant,       *   Appeal from the United States
                                  *   District Court for the
     v.                     *   District of Minnesota.
                                  *
Scott Fisher, Warden,       *       [UNPUBLISHED]
                                  *
        Appellee.        *

———————

Submitted: November 7, 2011
Filed: November 17, 2011

———————

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

     Federal inmate Richard Talbott appeals from the order of the District Court[1] denying his 28 U.S.C. § 2241 habeas petition. Talbott is serving a 264-month sentence imposed in the United States District Court for the Southern District of Indiana after a jury found him guilty of being a felon in possession of ammunition, § 18 U.S.C. § 922(g)(1). He argued in his habeas petition that he should not have been sentenced as an armed career criminal under 18 U.S.C. § 924(e) because his prior

———————

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jeffrey J. Keyes, United States Magistrate Judge for the District of Minnesota.

convictions for Class C felony battery, <u>see</u> Ind. Code § 35-42-2-1.1(a)(3), did not qualify as "violent felonies" under <u>Johnson v. United States</u>, 130 S. Ct. 1265 (2010). Following careful de novo review, we affirm the denial of relief and the dismissal of Talbott's petition because he did not establish that a remedy under 28 U.S.C. § 2255 in the sentencing court would be inadequate or ineffective. <u>See</u> <u>Hill v. Morrison</u>, 349 F.3d 1089, 1091 (8th Cir. 2003) (noting that a collateral challenge to a federal conviction or sentence must generally be raised in the sentencing court under § 2255 and not in a § 2241 petition filed in the court of incarceration); <u>United States v. Lurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000) (explaining that § 2255 is not inadequate or ineffective simply because a prisoner cannot file a successive § 2255 motion). Talbott's motion for oral argument is denied.

_____