# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-3348

_____

Christopher James Lee

*Petitioner - Appellant*

v.

Linda Sanders, Warden

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 26, 2019
Filed: December 3, 2019

_____

Before SMITH, Chief Judge, WOLLMAN and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge

On March 16, 2016, Christopher Lee, who was on supervised release for a 2006 conviction for bank fraud, was charged with new counts of bank fraud and aggravated identity theft. The judge assigned to the revocation proceedings ("revocation judge") indicated the revocation sentence should run concurrent to any

sentence imposed on the new charges. The judge assigned to the case pertaining to the new charges ("sentencing judge") ordered the sentences to run consecutive.

Lee filed a 28 U.S.C. § 2241 habeas petition seeking a declaration from the revocation judge that the sentences must run concurrently. Because there was no federal subject-matter jurisdiction to decide Lee's § 2241 petition, we vacate the order on appeal and dismiss.

## I. Background

Christopher Lee pled guilty to several counts of bank fraud and aggravated identity theft in 2006. Lee was sentenced to 118 months' imprisonment to be followed by 5 years of supervised release. During his period of supervised release, in 2016, Lee admitted to new counts of bank fraud and aggravated identity theft.

Lee's term of supervised release was revoked, and he was sentenced to 35 months' imprisonment. The revocation judge stated that this sentence "shall run concurrently to the sentence imposed [for the new counts]." But after Lee pled guilty to the new charges, the sentencing judge imposed a term of 57 months' imprisonment to "run consecutive to the sentence imposed [in the revocation proceeding]." Confronted with these facially inconsistent orders the Bureau of Prisons ("BoP") calculated the sentences consecutively, requiring Lee to serve 92 months in custody rather than 57 months.

Lee initially filed a petition under 28 U.S.C. § 2255 in the revocation case, seeking as relief that the sentence be vacated and then reimposed so that it would be the later-imposed sentence and therefore, presumably, require the BoP to execute the sentences concurrently. The judge dismissed the petition without prejudice because it was not filed on the appropriate form. Rather than refile on the approved form, Lee took his grievance to the BoP, where he argued that the BoP had erred when it

calculated his time to run consecutively. Lee pursued this claim though the entire administrative process only to be told at every stage that the 92 months had been properly calculated.

Having failed in his endeavor to persuade the BoP, Lee filed a 28 U.S.C. § 2241 petition in the United States District Court for the Western District of Missouri, where he was incarcerated, rather than in the Eastern District of Missouri where both the sentences had been imposed. The Western District converted his § 2241 petition into one under § 2255 and then transferred the action to the Eastern District, where it was assigned to the revocation judge.

The first order by the revocation judge denied Lee's request to send the case back to the Western District, but granted his request that his petition be considered pursuant to § 2241. In the second order, the revocation judge denied the petition, reasoning that the BoP's interpretation of the sentences was reasonable. Lee appeals.

## II. Discussion

The issue of whether one federal sentence may be ordered to be consecutive or concurrent to an anticipated federal sentence was raised in a recent Eighth Circuit case, but was unnecessary to its disposition and so left unresolved. United States v. Watson, 883 F.3d 1033, 1037 (8th Cir. 2018). Because we lack subject-matter jurisdiction, we need not resolve the issue either.

Subject-matter jurisdiction is something we review *de novo*. United States v. Jacobs, 638 F.3d 567, 568 (8th Cir. 2011). We do not have jurisdiction to entertain a § 2241 petition unless and until the petitioner carries his burden of "showing that the remedy under § 2255 would be inadequate or ineffective." Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004); Hill v. Morrison, 349 F.3d 1089, 1092 (8th Cir. 2003) ("A prisoner cannot raise, in a § 2241 motion filed in the district of

-3-

incarceration, an issue which could [have been] or was actually raised in the § 2255 motion filed in the sentencing district.").

This showing—required by § 2255's "savings clause"[1]—is a difficult one to make: "§ 2255 is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. We consider § 2255 adequate and effective even in cases where the petitioner is unaware of his claim; where a petition under § 2255 has already been denied; and where the statute of limitations to file under § 2255 has run. Hill, 349 F.3d at 1091; Abdullah, 392 F.3d at 963; see also Prost v. Anderson, 636 F.3d 578, 589 (10th Cir. 2011) (Gorsuch, J.) ("[I]t is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative.").

Lee failed to show that he was unable to pursue his desired relief by filing a § 2255 petition with the sentencing judge. Cf. Alevras v. Snyder, 205 F.3d 1344, *1 (8th Cir. 1999) (unpublished table decision) (affirming dismissal of a § 2241 petition where the claim made "may require interpreting the sentencing court's order, which is a task best left to the sentencing court," and so can only be raised in a § 2255 petition). Had the sentencing judge been persuaded by Lee's arguments, Lee could have had his sentence vacated. Had the sentencing judge denied Lee's petition, Lee could have appealed that decision. But what Lee could not do is forgo decision on

---

[1] An application for a writ of habeas corpus [o]n behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

a § 2255 petition in the sentencing court in favor of pursuing a § 2241 petition somewhere else.

We are unpersuaded by the two arguments Lee raises as to why we have jurisdiction and his § 2241 petition is proper. First, he urges us to consider the issue waived as the government did not cross-appeal. This argument fails because "[s]ubject-matter jurisdiction can never be waived or forfeited." Gonzalez v. Thaler, 565 U.S. 134, 141 (2012). Indeed, "[w]hen a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." Id.

Lee's second argument—that a § 2241 petition was proper because his challenge was not to the legality of his sentences, but rather to their execution—is unavailing when the remedy Lee seeks was available under § 2255. While the distinction between a challenge to validity rather than execution of sentences may have vitality under some circumstances, such is not the case here, where the remedy sought by Lee certainly could have been procured by convincing the sentencing judge that his sentence was "imposed in violation of the Constitution or laws of the United States" when it failed to defer to the revocation judge's determination that the sentences should run concurrently. 28 U.S.C. § 2255(a).

While Lee's decision to bring his claim pursuant to § 2241 instead of § 2255 theoretically allowed him to litigate in his preferred forum, it was in fact an ethereal election because it did not render § 2255 inadequate or ineffective. As a result, the revocation judge lacked jurisdiction over his petition. Cf. Rodolfo v. Bell, Case No. 17–cv–3066 (DWF/TNL), 2018 WL 734047, at *5 (D. Minn. Jan. 10, 2018) ("Petitioner has not shown that § 2255 was inadequate or ineffective to raise his sentencing argument, [so] this Court lacks jurisdiction to consider his collateral challenge to his sentence under § 2241."). Because § 2255 was neither inadequate nor ineffective we, too, are without jurisdiction and are required to dismiss. Fed. R.

Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## III.  Conclusion

For the foregoing reasons, we vacate the revocation judge's denial of Lee's § 2241  petition and dismiss.

_____