**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 11 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

DONALD RAY NICHOLS,

  Defendant-Appellant.

No. 01-1004

(D.C. Nos. 00-M-2179 &
95-CR-93-M)

(D. Colorado)

## ORDER AND JUDGMENT [*]

Before **HENRY** , **BRISCOE** and **MURPHY** , Circuit Judges.

After examining the brief and the appellate record, this panel has determined unanimously to grant the appellant's request for a decision on the briefs without oral argument.    See Fed. R.App. P. 34(f).  The case is therefore ordered submitted without oral argument.

Donald Ray Nichols seeks to appeal the district court's order denying his motion to vacate his conviction and sentence, filed pursuant to 28 U.S.C. § 2255.

---

[*]  This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In order to receive a certificate of appealability, Mr. Nichols must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that the issues he raises are debatable among jurists, that a court could resolve the issues differently, or that the questions presented deserve further proceedings. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). For the reasons set forth below, we deny Mr. Nichols's application for a certificate of appealability and dismiss this appeal.

On May 30, 1995, Mr. Nichols pleaded guilty in federal district court to one count of aiding and abetting a first-degree murder. The district court sentenced him to a term of 420 months' imprisonment. In July 1998, the government filed a motion for reduction of Mr. Nichols's sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. The government argued that Mr. Nichols had provided substantial assistance to the government by testifying for the prosecution in another case.

Even though the government filed this motion more than one year after the imposition of Mr. Nichols's sentence, the district court considered it on the merits. The court noted that the motion could not have been filed earlier because of a postponement of the trial at which Mr. Nichols testified. See Fed. R. Crim. P. 35(b) (stating that the government's motion for reduction of sentence must be filed "within one year after the imposition of the sentence" but that "[t]he court

may consider a government motion to reduce a sentence made one year or more after imposition of the sentence where the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after imposition of sentence"). After reviewing the merits, the court denied the government's motion, reasoning that "Mr. Nichols' testimony was very questionable and . . . he should not be credited with providing substantial assistance." Rec. vol. I, doc. 80, at 1 (district court order denying defendant's § 2255 motion, filed Dec. 21, 2000).

In his § 2255 motion, Mr. Nichols asserts the following claims: (1) that the government breached the plea agreement by failing to file a timely Rule 35(b) motion; (2) that his plea of guilty was not knowing and voluntary; (3) that he received ineffective assistance of counsel in the district court proceedings and that his counsel was also ineffective in failing to appeal the district court's denial of the Rule 35(b) motion.

The district court ruled that the second claim and the third claim (insofar as it challenged counsel's conduct in the district court proceedings) were both time-barred. The court rejected Mr. Nichols's first claim on the merits and also rejected the third claim (insofar as it challenged counsel's conduct in failing to appeal the denial of the Rule 35(b) motion).

Upon review of the record, we conclude that the district court's analysis is sound. Because Mr. Nichols's conviction was final before the effective date of the Antiterrorism and Effective Death Penalty Act, he had until April 23, 1997 (one year after the statute's effective date) to file his § 2255 motion. See United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997); see also 28 U.S.C. § 2244(d)(1). As the district court noted, Mr. Nichols has not established that he is entitled to equitable tolling of this deadline. As to Mr. Nichols's other claims, we agree with the district court that the government's delay in filing the Rule 35(b) motion did not constitute a breach of the plea agreement and that, because discretionary denial of a Rule 35(b) motion is not reviewable, see United States v. Neary, 183 F.3d 1196, 1197-98 (10th Cir. 1999), Mr. Nichols's counsel was not ineffective for failing to appeal the district court's ruling.[1]

Accordingly, we DENY Mr. Nichols's application for a certificate of appealability and DISMISS this appeal for substantially the same reasons set forth by the district court.

---

[1] In fact, the plea agreement between Mr. Nichols and the government states only that "the parties understand that at the conclusion of Donald Ray Nichols' testimony . . . an additional adjustment pursuant to § 5K1.1 of the United States Sentencing Guidelines . . . and perhaps Fed. R. Crim. P. 35(b) may be appropriate. The United States of America does not, however, by the terms of this agreement bind itself to seek any additional reduction of sentence for defendant Donald Ray Nichols pursuant to U.S.S.G. § 5K1.1." Rec. doc. 31, at 3 (emphasis added). Thus, contrary to Mr. Nichols's assertions, the government did not promise to file a Rule 35 motion at a particular time.

Entered for the Court,

Robert H. Henry
Circuit Judge