# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 01-3054

_____

Paul Anthony White,

           Appellant,

    v.

United States of America,

           Appellee.

Appeal from the United States
District Court for the
Western District of Missouri.

_____

Submitted: May 13, 2002
Filed: October 25, 2002

_____

Before HANSEN, Chief Judge, MORRIS SHEPPARD ARNOLD, Circuit Judge, and PRATT,[1] District Judge.

_____

HANSEN, Circuit Judge.

Paul Anthony White appeals the district court's[2] denial of his application for postconviction relief pursuant to 28 U.S.C. § 2255. White argues that the district

_____

[1] The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

[2] The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

court erred in finding that the government did not violate the terms of the plea agreement and in rejecting his <u>Apprendi</u> claims. We affirm the judgment of the district court.

## I.

While White was on probation for one count of conspiracy and one count of making false, fictitious, or fraudulent claims to the IRS ("the tax case"), he was charged with making and possessing counterfeit payroll checks ("the counterfeiting case"). As a result of the counterfeiting charges, White's probation was formally revoked and he was sentenced to four years incarceration. White pleaded guilty to the counterfeiting charge and was sentenced to 57 months imprisonment to run consecutively to the four years for probation revocation.

White was then charged in the present case with conspiracy to distribute methamphetamine. The parties engaged in plea discussions, and on the eve of trial, they reached an oral agreement that was established on the record. In addition to other provisions, the government agreed not to file child pornography charges, and White agreed (1) to dismiss the pending appeal in the counterfeiting case, (2) not to challenge the probation revocation in the tax case, (3) not to file an appeal in the present case, and (4) not to file an application for relief under 28 U.S.C. § 2255 in any of the three cases. After discovering that the original recommendation of 140 months was beyond the proper sentencing range, the parties eventually agreed that the appropriate sentence would be 137 months. At the plea proceeding, the court inquired whether the parties had agreed how the sentence should run. Without further elaboration or clarification, the government declared that it had no opposition to the sentence running concurrently. The court accepted the plea agreement after White acknowledged that the court was not bound by its terms.

During the later sentencing hearing, the court noted that the record was unclear as to whether the new sentence should run concurrently with or consecutively to White's other sentences. The court asked the parties whether their prior agreement as to a "concurrent sentence" referred to the probation revocation sentence, the sentence in the counterfeiting case, or both. The parties responded by admitting that they had not specifically discussed or reached an agreement on the details of that issue. In light of the confusion, the government adopted the recommendation of the probation officer and urged the court to run the new sentence consecutively to the probation revocation sentence.

The court then sentenced White to 137 months imprisonment and ordered the sentence to run concurrently with the counterfeiting sentence and consecutively to the probation revocation sentence. White filed a § 2255 motion to vacate the sentence, claiming that the recommendation by the government was a breach of the plea agreement. The district court denied relief, finding that there had been no agreement on the issue and therefore no breach by the government. The district court issued a certificate of appealability on the plea agreement issue.

II.

We review the district court's denial of a § 2255 motion de novo. Von Kahl v. United States, 242 F.3d 783, 787 (8th Cir. 2001), cert. denied, 122 S. Ct. 317 (2001). The district court's interpretation and enforcement of a plea agreement are issues of law that we also review de novo. United States v. Amezcua, 276 F.3d 445, 447 (8th Cir.), cert. denied, 122 S. Ct. 2637 (2002). Findings of fact made by the district court during sentencing are binding on this Court unless they are shown to be clearly erroneous. United States v. Russell, 234 F.3d 404, 408 (8th Cir. 2000).

White alleges that the government breached the plea agreement by recommending that his drug sentence run consecutively to the probation revocation

sentence. In the order denying White's § 2255 motion, the district court clearly stated that there had been no agreement between the parties on the issue. After carefully reviewing the district court's order and the sentencing transcript, it appears to this Court that the only discussions regarding a concurrent sentence involved White's sentence for counterfeiting. Accordingly, we hold that the district court's finding as to the lack of an agreement was not clearly erroneous.

Given that the plea agreement contained no provision for the drug sentence to be imposed so as to be served concurrently with the probation revocation sentence, the government's recommendation on the matter during the sentencing hearing was not a breach of the agreement. Because there was no breach, White has no basis either to withdraw his guilty plea or to challenge the validity of his sentence. The district court properly denied White's motion for § 2255 relief.

Even if the parties had agreed to a concurrent sentence to run with the probation revocation sentence, the district court was not bound by the agreement. Given that the agreement itself contemplated only a recommendation by the government as to the terms of White's sentence, the provisions of Federal Rule of Criminal Procedure 11(e)(1)(b) apply. As the district court noted, and as White acknowledged in the Rule 11 proceeding, this type of an agreement does not constrain the discretion of the district court during sentencing. Even after accepting the guilty plea, it is ultimately the decision of the sentencing court whether to implement or reject the terms of a Rule 11(e)(1)(b) agreement. See United States v. Michelsen, 141 F.3d 867, 873 (8th Cir. 1998) (recognizing that under a Rule 11(e)(1)(b) agreement, "the court had the authority to reject the [government's] recommendation"); see also Fed. R. Crim. P. 11(e)(1)(b) ("Any such recommendation or request is not binding on the court."). Although Rule 11(e)(4) allows for the withdrawal of a plea in cases where the district court rejects a plea agreement, this provision does not apply to the recommendation-type agreements under Rule 11(e)(1)(b). Good Bird v. United States, 752 F.2d 349, 351 (8th Cir. 1985); see also Fed. R. Crim. P. 11(e)(2) ("[I]f the

4

court does not accept the recommendation or request[,] the defendant nevertheless has no right to withdraw the plea."); U.S. Sentencing Guidelines Manual § 6B1.1(b) (2001) ("[T]he court shall advise the defendant that the court is not bound by the sentencing recommendation, and that the defendant has no right to withdraw the defendant's guilty plea if the court decides not to accept the sentencing recommendation set forth in the plea agreement.").

In this case, the district court not only had discretion to reject any recommendation for a drug sentence concurrent with the probation revocation sentence, it was required to do so by the Sentencing Guidelines. In United States v. Smith, 282 F.3d 1045 (8th Cir. 2002), this Court held that USSG § 5G1.3 mandates that a sentence imposed on a defendant for a crime committed during probation must run consecutively to any resulting sentence for probation revocation. Because White was on probation when he conspired to distribute methamphetamine and his probation was revoked upon his arrest in the counterfeiting case, the district court was required to run his sentence for methamphetamine distribution consecutively to the term imposed on the probation revocation.

### III.

White also challenges his sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000). As the district court correctly noted in its order, under the terms of the plea agreement, White waived his right to seek postconviction relief. Furthermore, Apprendi claims may not be raised for the first time on collateral review. United States v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001), cert. denied, 122 S. Ct. 848 (2002).

IV.

Because the government did not breach the plea agreement, and because the district court correctly applied the mandates of the Sentencing Guidelines, we affirm the district court's denial of § 2255 relief.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.