# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1330

_____

Donald Ray Nichols,       *
     *
       Appellant,       *
     *     Appeal from the United States
   v.       *     District Court for the
     *     District of Minnesota.
Jessica Symmes, Acting       *
Warden, Oak Park Heights,       *
     *
       Appellee.       *

_____

Submitted: November 11, 2008
Filed: January 21, 2009

_____

Before WOLLMAN, BEAM, and BENTON, Circuit Judges.

_____

BEAM, Circuit Judge.

Donald Ray Nichols appeals the district court's[1] denial of his petition for habeas corpus. We affirm.

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, adopting the Report and Recommendation of the Honorable Raymond L. Erickson, Chief United States Magistrate Judge for the District of Minnesota.

## I.    BACKGROUND

In 1995, Nichols pleaded guilty to aiding and abetting the murder of an inmate at a federal penitentiary in Colorado.  The terms of his plea agreement provided that the government would recommend that Nichols serve his entire sentence in a state prison facility, rather than a federal facility, unless he was moved to the federal facility for disciplinary reasons.  In October 1995, he was sentenced to 420 months' imprisonment, and began serving his sentence in state prison in Colorado.  In February 1998, shortly before he was to testify at his co-defendant's federal trial, he was transferred to a federal prison facility in Colorado.  After his co-defendant was acquitted in March 1998, Nichols was transferred to the federal penitentiary in Florence, Colorado, instead of being returned to the state facility where he began serving his sentence in 1995.

In April 2000, Nichols unsuccessfully asked the Colorado federal district court for leave to withdraw his guilty plea, arguing that the government had materially breached the agreement by housing him at the federal penitentiary.  In November 2000, Nichols brought a 28 U.S.C. § 2241 petition for habeas corpus in Colorado federal court.  Nichols asserted that the government breached  the plea agreement by failing to timely bring a Rule 35 motion, that his plea was not knowing and voluntary, and that he had received ineffective assistance of counsel.  The Colorado district court converted the motion into a § 2255 petition to vacate or correct the sentence and denied it as untimely with regard to the second and third issues, because the statute of limitations on those claims expired on April 23, 1997.  The district court denied the breach of plea agreement claim on the merits.  The Tenth Circuit affirmed in an unpublished decision. United States v. Nichols, 18 F. App'x 770 (10th Cir. 2001).

Although the record is not entirely clear on the issue, at some point, presumably between 2003 and 2006, Nichols was transferred to a state prison facility in Minnesota. In October 2006, Nichols filed the current action, again styling it as a 28

U.S.C. § 2241 petition for habeas corpus attacking the execution of his sentence. However, rather than actually attacking the execution of his sentence, Nichols again seeks to withdraw his guilty plea as a result of the government's alleged breach of the plea agreement by placing him, for a period of time, in the federal prison in Colorado. The district court construed his petition as one for § 2255 relief because Nichols sought to withdraw his guilty plea, which necessarily implicated the validity of his underlying conviction. Accordingly, the district court denied relief, because only the sentencing court has jurisdiction over a § 2255 petition.

## II.    DISCUSSION

We review the district court's decision de novo. White v. United States, 308 F.3d 927, 929 (8th Cir. 2002). A claim attacking the validity of a guilty plea, and therefore the underlying sentence, is properly entertained in a § 2255 petition before the sentencing court. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). On the other hand, a claim attacking the execution of that sentence should be brought in a § 2241 petition in the jurisdiction of incarceration. Id.

Nichols' primary problem is the relief he is seeking. If he were simply claiming that the government has wrongly housed him in a federal, as opposed to state, facility, and he wanted to remedy that wrong by being returned to the state facility, the correct procedure would have been to bring a § 2241 petition. Peak v. Petrovsky, 734 F.2d 402, 405 n.6 (8th Cir. 1984). Indeed, Nichols cites Peak in support of his claims. In Peak, the prisoner brought a § 2241 petition, claiming that actions by the government violated the plea agreement and, as a result, he lost credit toward early parole. We noted that if the government makes a promise which induces a guilty plea, the government must fulfill that promise, and that a § 2241 petition is the proper vehicle for remedying the breach. Id. at 405 & n.6. However, we held that the government did not actually breach the plea agreement in that case. Id. at 405.

-3-

We fail to see how Peak helps Nichols' cause. The prisoner in Peak was not seeking to withdraw his guilty plea. He was seeking specific performance–that the government keep its promise and not consider dismissed counts for sentencing. Here, Nichols does not seek specific performance, probably because he has already been moved to a state facility. See United States v. Van Thournout, 100 F.3d 590, 594 (8th Cir. 1996) (noting that specific performance is the preferred remedy for the government's breach of the plea agreement). Thus, if Nichols wants the court to consider his petition as a § 2241 execution of sentence claim, then the case is moot because the alleged defect in the execution of the sentence–confinement in a federal facility–has already been cured. See Miller v. Whitehead, 527 F.3d 752, 756 (8th Cir. 2008) (dismissing § 2241 appeal as moot because inmates had received the requested relief of placement in a residential re-entry center).

However, we believe the district court correctly parsed the language of Nichols' petition and construed the claim as one attacking the validity of his guilty plea and resulting sentence, making it a § 2255 petition. Because Nichols cannot meet the stringent requirements needed to file a successive § 2255 petition, see 28 U.S.C. § 2255(h), the district court properly refused to transfer the petition to the sentencing court's jurisdiction.

We reject Nichols' argument that he was precluded from bringing a timely § 2255 petition because of the lateness of the government's breach. Nichols points out that he was not moved to the federal facility until 1998, and the one-year statute of limitations for his claim expired on April 23, 1997. Nichols could have made this argument to the Colorado federal district court in his initial § 2255 filing. However, Nichols' Claim 1 in that motion asserted only that the government breached the plea agreement by failing to timely file a Rule 35 motion. Appellant's Appendix at 101. The district court rejected that claim on the merits rather than basing its denial on the statute of limitations. Id. at 114. Nichols did raise the incarceration issue in his motion to withdraw his guilty plea, id. at 85-91, and the sentencing court considered

-4-

and rejected that issue on the merits as well, <u>id.</u> at 94. "A prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could or was actually raised in the § 2255 motion filed in the sentencing district." <u>Hill</u>, 349 F.3d at 1092. This issue arguably falls into both of those categories–it either actually was raised in the prior proceeding or it could have been. Accordingly, we are prohibited from considering Nichols' claims. <u>Id.</u>

## III.   CONCLUSION

We affirm the judgment of the district court.

_____