**CLD-108**                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3746
_____

MICHAEL G. RYAN,
                              Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-1425)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
**February 10, 2011**

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  February 28, 2011)
_____

OPINION
_____

PER CURIAM

        Michael G. Ryan, a federal prisoner proceeding pro se, appeals from the dismissal

1

of his complaint alleging breach of his plea agreement.[1]  For the reasons that follow, we conclude that Ryan's appeal presents no substantial question and will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

On March 18, 2010, Ryan was informed that he had been recommended for placement in a Residential Reentry Center ("RRC").  Ryan alleged that he was directed to sign a Community Based Program Agreement ("CBPA"), but because of its term that he would be required to "pay the costs of the program based on [his] ability to pay" he was unable to do so.  He contended that the plea agreement pursuant to which he is now incarcerated set forth the punishment to be imposed, including possible fines, and that language in that agreement relating to an obligation to pay for the costs of imprisonment, probation, or supervised release was specifically redacted and excluded.  This redaction was initialed by both parties and acknowledged by the District Court when it accepted his plea.

Citing the conflict he perceived between the CBPA and the terms of his plea agreement, Ryan refused to sign the CBPA and was sanctioned by the prison and was removed from his prison employment.  Ryan alleged that he was threatened with repeated sanctions until he acquiesced to the CBPA, including confinement in segregated housing and the loss of earned "good-time" credit towards his sentence.

Ryan then brought the instant action, seeking relief from the District Court in the

---

[1] Ryan now proceeds in forma pauperis, and was therefore allowed to file this appeal without the prepayment of fees. We note that the District Court appears to have proceeded irregularly in this regard.  It denied Ryan's motion to proceed in forma pauperis, yet ruled on Ryan's complaint prior to his payment of appropriate filing fees.

form of a declaration that the CBPA was in conflict with his plea agreement and that any sanction for his failure to sign the CBPA was in breach of that agreement. Ryan further sought an injunction against future sanctions. The District Court concluded that Ryan's action amounted to a habeas petition pursuant to 28 U.S.C. § 2241 and summarily dismissed the action because he had failed to exhaust administrative remedies.

Ryan timely appealed that dismissal, but two weeks later he filed a motion in the District Court for reconsideration pursuant to Fed. R. Civ. P. 59(e). That motion was denied on November 22, 2010, and Ryan amended his notice of appeal to include that denial. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc) (certificate of appealability not required to appeal from denial of § 2241 petition). If no substantial question is presented by this appeal, we may summarily affirm the District Court's order on any ground supported by the record. See 3d Cir. L.A.R. 27.4; IOP 10.6; Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Ryan contends that the District Court improperly characterized his complaint as a habeas petition. In order to determine whether an action lies in habeas, "the question to be asked is whether granting the petition would 'necessarily imply' a change to the fact, duration, or execution of the petitioner's sentence." McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010). The execution of a sentence includes the imposition of a mandatory payment program and sanctions imposed for noncompliance, McGee, 627 F.3d at 937, as well as the criteria governing placement in community confinement. Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241-44 (3d Cir. 2005). Although he framed his cause

3

of action as a breach of contract, the relief Ryan requested would necessarily affect the execution of his sentence by enjoining the prison from imposing further sanctions for his refusal to sign the CBPA. This being the case, the District Court was correct in its conclusion that Ryan's action amounted to a habeas petition. As Ryan readily acknowledges that he failed to exhaust available administrative grievance processes, the District Court was correct to dismiss his petition. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).

We note also that even if Ryan's action did not lie in habeas, the District Court would have been correct to dismiss. Under the Prison Litigation Reform Act (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The Federal Bureau of Prisons ("BOP") has established an administrative remedy procedure through which an inmate can seek formal review of any complaint regarding any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.19.

Ryan contended in his complaint that exhaustion was unnecessary in the instant case as the pursuit of an administrative remedy would have been futile. This contention is incorrect; the PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000); see also

4

DeHart v. Horn, 390 F.3d 262, 273 (3d Cir. 2004) ("Section 1997e(a) makes exhaustion of prison administrative remedies mandatory, regardless of the efficacy of the grievance process.").   The District Court would therefore have been correct to dismiss Ryan's complaint regardless of its construction.  See Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002) (sua sponte dismissal appropriate when a plaintiff expressly concedes a failure to exhaust).

Because the District Court was correct in its original order, its denial of Ryan's motion for reconsideration was not an abuse of discretion.  As the appeal presents no substantial question, we will summarily affirm the District Court judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.