DLD-286                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2703
_____

MICHAEL G. RYAN,
                                                        Appellant

v.

WILLIAM A. SCISM
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 11-cv-00748)
District Judge:  Honorable John E Jones, III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(b)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
September 8, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges

(Filed: September 21, 2011)
_____

OPINION
_____

PER CURIAM

       Michael G. Ryan, a federal inmate at LSCI-Allenwood in Pennsylvania, filed a

habeas corpus petition under 28 U.S.C. § 2241 claiming that prison officials improperly

tried to coerce him into waiving a condition of his 1995 plea agreement.  According to

Ryan, in 2010 prison officials recommended him for 150 to 180 days of placement in a Residential Reentry Center ("RRC"), and they presented Ryan with a standard contract that calls for inmates to contribute to the cost of RRC residence. Ryan refused to sign the contract, claiming that the terms of his plea agreement exempt him from paying the cost of his incarceration. Prison officials issued an incident report charging Ryan with refusal to participate in a program assignment, and they allegedly threatened Ryan with various consequences if he refused to sign the contract. After a disciplinary hearing, Ryan was sanctioned with the loss of his prison job for one year. He contends that the Bureau of Prisons ("BOP") breached his 1995 plea agreement by threatening and punishing him for refusing to sign the RRC contract. As relief, Ryan sought to rescind his plea agreement, claiming that the BOP interfered with his "right to contract" and violated due process.

The Magistrate Judge recommended summary dismissal of the habeas petition. He concluded that, while Ryan had now exhausted administrative remedies,[1] the habeas petition is moot because Ryan is currently designated to a prison facility and no longer designated for RRC placement. Alternatively, the Magistrate Judge concluded that the petition is without merit because the BOP acted within its statutory authority in conditioning pre-release transfer upon execution of the RRC contract.

---

[1] The District Court dismissed Ryan's previous suit, which it properly construed as a § 2241 habeas proceeding, for non-exhaustion of administrative remedies. See M.D. Pa. Civ. No. 10-cv-01425, aff'd, Ryan v. United States, C.A. No. 10-3746, 415 Fed. App'x 345 (3d Cir. Feb. 28, 2011).

2

The District Court overruled Ryan's objections, adopted the Report and Recommendation, and denied the petition. It explained that, even if the petition was not rendered moot by virtue of the BOP's re-designation of Ryan to a prison facility, the petition is without merit because the BOP has statutory authority to condition transfer to an RRC on signing the contract. In addition, the District Court explained that there are no facts tending to show that the BOP acted in bad faith, and it was within the BOP's discretion to offer Ryan the option of transferring to an RRC in exchange for a partial waiver of the benefits of his plea agreement. Ryan timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. Exercising plenary review over the District Court's legal conclusions, see Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002), we conclude that the habeas petition was properly denied.

Giving Ryan the benefit of the doubt that the relief he seeks, i.e., rescinding his 1995 plea agreement, was not rendered moot by the removal of his designation to an RRC, the District Court was correct that the habeas petition is without merit. The BOP plainly did not breach Ryan's plea agreement by asking him to sign the contract before he could be placed in an RRC. Indeed, Ryan concedes that the BOP had authority to condition RRC placement on signing of the contract, and he expressly "does not contend that BOP *policy* violated his plea agreement." Appellant's Argument in Support of Appeal at 3 (emphasis added). Rather, Ryan claims that "a breach occurred when [he] suffered injury from government coercion and threats in [its] effort to force him to waive the benefit promised him in the plea agreement." Id.

3

As the District Court explained, Ryan's allegations do not suggest that the prison officials acted in bad faith by offering an RRC placement under standard conditions that apply to all inmates. Moreover, even if it were the case that the prison officials impermissibly threatened and sought to coerce Ryan to accept a payment condition that was inconsistent with the terms of his plea agreement, it does not follow that Ryan would be entitled to rescind his plea agreement in a proceeding under § 2241. "Section 2241 … confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001). Ryan does not challenge the execution of his sentence by, for example, seeking to compel the BOP to refrain from subjecting him to a requirement that he pay the costs of his incarceration. In fact, in his original § 2241 petition, which was dismissed for non-exhaustion, see note 1, supra, Ryan *did* challenge the execution of his sentence by asking for a declaration that the RRC contract was in conflict with his plea agreement and seeking an injunction against future sanctions for his refusal to sign. Ryan, 415 Fed. App'x at 347. Those claims, however, are now moot because the BOP has removed Ryan's RRC designation and there is no threat of the plea agreement being violated through any future RRC placement.[2]

Ryan's present § 2241 petition, in contrast, seeks the very different relief of rescinding the plea agreement, and it attacks the validity of his conviction and sentence.

---

[2] According to the BOP's inmate locator, Ryan's scheduled release date from prison is October 20, 2011.

4

It is settled that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution," Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), and a federal prisoner can seek relief under § 2241 only if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Ryan's attempt to void his plea agreement as a result of the government's alleged breach must be brought in proceeding under § 2255. See Nichols v. Symmes, 553 F.3d 647, 649-50 (8th Cir. 2009) (holding that prisoner who sought to withdraw guilty plea based on alleged breach of plea agreement due to his placement in a federal, rather than a state, prison facility had to bring claim under § 2255, not § 2241); see also United States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004) (holding that prisoner was required to proceed under § 2255 where he sought resentencing based on claim that district court erred in assuming that the BOP could lawfully place him in a community corrections center). Ryan has not shown that his remedy under § 2255 is inadequate or ineffective so as to allow him to proceed under § 2241.[3]

---

[3] "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. Because Ryan has already pursued and been denied relief under § 2255, he would need to obtain permission from this Court before filing a second or successive § 2255 motion. See 28 U.S.C. §§ 2255(h), 2244(b).

For the foregoing reasons, we conclude that the District Court properly denied Ryan's habeas petition. Because this appeal presents "no substantial question," 3d Cir. I.O.P. 10.6, we will summarily affirm the District Court's judgment. Ryan's motion for appointment of counsel is denied.