ALD-118                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4595
_____

UNITED STATES OF AMERICA

v.

MICHAEL G. RYAN,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3-94-cr-00127-001)
District Judge:  Honorable William J. Nealon

_____

Submitted for a Decision on the Issuance of a Certificate of Appealability
and for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 24, 2012
Before:  SLOVITER, FISHER AND WEIS, Circuit Judges
(Opinion filed: March 12, 2012)
_____

OPINION
_____

PER CURIAM.

        In 1995, Michael G. Ryan pled guilty to several federal drug trafficking and

money laundering offenses.  Pursuant to a written plea agreement, Ryan was sentenced to

twenty years of imprisonment, five years of supervised release, and ordered to pay a

$200.00 special assessment.  The plea agreement further provided that Ryan was not

required to pay "the costs of prosecution, imprisonment, probation, or supervised release." (Judgment, Dist. Ct. dkt # 185.)

On July 5, 2011, after fifteen years of extensive post-conviction litigation, Ryan filed in the District Court a "Motion for Clarification" of the terms of his plea agreement. In the motion, Ryan alleged that, on May 11, 2010, the United States Federal Bureau of Prisons [BOP] attempted to coerce him into signing an agreement to pay a subsistence charge for part of the cost of residence at a Residential Reentry Center (RRC). Ryan claimed that the terms of his plea agreement exempted him from paying this cost, and moved the District Court to "clarify" those terms to confirm his interpretation of the plea agreement. The District Court denied the motion.

We will summarily affirm the District Court's order. For substantially the reasons given by the District Court, we agree that it did not have the authority to grant the "motion for clarification." First, contrary to Ryan's contention, neither 18 U.S.C. § 3583 nor Rule 32.1 of the Federal Rules of Criminal Procedure provides a basis for the District Court to issue an order interpreting the terms of the 1995 plea agreement. See 18 U.S.C. § 3583 (governing terms of supervised release); Fed. R. Crim. P. 32.1 (governing procedure for revoking or modifying probation or supervised release). Moreover, as the government noted below, Ryan previously challenged the BOP's actions in a purported petition pursuant to 28 U.S.C. § 2241 and was denied relief. Ryan v. Scism, No. 11-cv-00748, 2011 WL 2393493 (M.D. Pa. Jun. 13, 2011), aff'd Ryan v. Scism, 445 F. App'x 580 (3d Cir. 2011). Finally, to the extent that Ryan seeks clarification of the plea

2

agreement because he is "unsure if the government will try again, during the remainder of his sentence, to force him to waive those benefits of his plea agreement," (Motion for Clarification, Dist. Ct. dkt # 331, ¶ 8), we note that his challenge is not ripe for judicial review.[1] See Texas v. United States, 523 U.S. 296, 300 (1998) (explaining that a claim is not ripe for adjudication if it rests on "contingent future events that may not occur as anticipated, or indeed may not occur at all") (internal quotation marks and citation omitted).

Accordingly, because this appeal does not present a substantial question, we will summarily affirm the District Court's order.[2] See Third Cir. L.A.R. 27.4.

---

[1] It appears that, since filing his Motion for Clarification in the District Court, Ryan began his term of supervised release. He argues to this Court that he "remains exposed, during supervised release, to a breach similarly related to costs." (Arg. in Opposition to Summary Dismissal, p. 3.)

[2] We deny a certificate of appealability as unnecessary.