**DLD-059**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3280
_____

DONALD NICHOLS,
                                        Appellant

v.

UNITED STATES OF AMERICA; GREG BARTKOWSKI,
ADMINISTRATOR, NEW JERSEY STATE PRISON
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-10-cv-03681)
District Judge: Honorable Peter G. Sheridan
_____

Submitted for Possible Summary Action Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6
December 8, 2011

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: April 10, 2012)
_____

OPINION
_____

PER CURIAM

    Donald Nichols, a prisoner serving a period of incarceration pursuant to a federal

criminal sentence, appeals the District Court's dismissal of his 28 U.S.C. § 2241 habeas

corpus petition.  We will affirm.

Nichols argued in his counseled petition that the United States Government had committed a "clear breach" of his plea agreement by housing him at a federal facility instead of the allegedly agreed-upon state facility, thereby violating his due-process rights.  Insisting that specific performance of the plea agreement would not be "appropriate in the instant matter because the [plea agreement] is and was always illusory," Nichols requested that he be permitted to rescind his original guilty plea.  Nichols also maintained that the prior courts to have ruled on his petitions and motions relating to the plea agreement had violated his due-process rights by "misconstruing" his filings and by declining to grant him the relief he sought.[1]

The Government moved to dismiss the petition for lack of jurisdiction.  In its opinion and order of August 4, 2011, the District Court granted the Government's motion and dismissed the petition.

We have appellate jurisdiction under 28 U.S.C. § 1291.  We generally exercise plenary review over the denial of a § 2241 petition and over dismissals for lack of subject-matter jurisdiction.  Symczyk v. Genesis Healthcare Corp., 656 F.3d 189, 191 n.4 (3d Cir. 2011); United States v. Friedland, 83 F.3d 1531, 1542 (3d Cir. 1996).

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in

2

violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); see also 28 U.S.C. § 2255(a) (a prisoner must move for § 2255 relief in "the court which imposed the sentence"). Claims relating to breaches of plea agreements that would require invalidation of the underlying conviction or sentence must generally be raised in a § 2255 motion. See, e.g., Hodge v. United States, 554 F.3d 372, 374 (3d Cir. 2009); United States v. Williams, 158 F.3d 736, 737–40 (3d Cir. 1998) (describing vacation of conviction and sentence due to alleged Government breach of plea agreement as "quintessential relief in a § 2255 proceeding"). By contrast, a petition under 28 U.S.C. § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas," and must be filed "in the district where the prisoner is confined." Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). An argument that the sentence, as carried out, is "unlawful by reason of the Government's breach" and must be corrected by specific performance, is properly raised in a § 2241 petition. Peak v. Petrovsky, 734 F.2d 402, 405 n.6 (8th Cir. 1984); see also Nichols v. Symmes, 553 F.3d 647, 649 (8th Cir. 2009);[2] Woodall, 432 F.3d at 243–44 (proceeding via § 2241 was proper when a prisoner objected to, inter alia, place of confinement).

When § 2255 provides the appropriate remedy, a prisoner must avail himself of

---

[1] The convoluted history of Nichols's past filings was recounted in the District Court's opinion. See generally Nichols v. United States, No. 10-3681, 2011 WL 3425557 (D.N.J. Aug. 4, 2011).
[2] Nichols is the Eighth Circuit's opinion in another of Nichols's attacks on his sentence.

that section; and, in those instances, courts usually cannot exercise § 2241 jurisdiction. See Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); Cephas v. Nash, 328 F.3d 98, 103 (2d Cir. 2003). There is a statutory exception, however, if a § 2255 motion is "inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255(e); Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). A § 2255 motion is not inadequate or ineffective merely because the sentencing court has denied relief, Cradle, 290 F.3d at 539, or because the petitioner cannot meet "the stringent gatekeeping requirements" of § 2255, In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Rather, "[a] § 2255 motion would be inadequate or ineffective only if the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful[-]detention claim." Okereke, 307 F.3d at 120.

The Government was correct that the District Court lacked subject-matter jurisdiction to adjudicate the § 2241 petition.[3] Nichols plainly requested that the

---

[3] The District Court's opinion can be read as dismissing Nichols's petition pursuant to the doctrine of collateral estoppel, also known as issue preclusion. However, "preclusion is not jurisdictional." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 170 (3d Cir. 2010) (citations omitted); see also Edwards v. City of Jonesboro, 645 F.3d 1014, 1017 (8th Cir. 2011). We must determine the presence of subject-matter jurisdiction before addressing non-jurisdictional issues of merit. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998); Knapper v. Bankers Trust Co. (In re Knapper), 407 F.3d 573, 580 n.15 (3d Cir. 2005). Nichols's selection of statute implicated jurisdictional concerns; finding jurisdiction to have been lacking below, we need not reach the question of collateral estoppel. See Erie Telecomms. v. City of Erie, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988) ("An appellate court may affirm a correct

Government's alleged breach of the plea agreement lead to rescission of his plea and modification of his conviction.[4]  Such relief is within the heartland of § 2255.  That he may now be barred from filing a § 2255 motion without first obtaining permission from a Court of Appeals, see 28 U.S.C. § 2244(b), or otherwise by the intervening passage of time, see 28 U.S.C. § 2255(f), is ultimately irrelevant; "[i]t is the inefficacy of [§ 2255], *not the personal inability to use it*, that is determinative."  Cradle, 290 F.3d at 538 (emphasis added).  As we observed above, § 2255 is often invoked in challenges to plea agreements.  As Nichols failed to show that his petition fit within the narrow "safety valve" subsection of § 2255, he was required to proceed by motion under § 2255.  The District Court therefore lacked jurisdiction over Nichols's § 2241 petition.

To the extent that Nichols argues that the other courts that addressed his claims violated his due-process rights, we plainly lack jurisdiction to review the actions of courts outside this Circuit.  Nichols's dissatisfaction with those outcomes should have been addressed by seeking appellate review or by petitioning for certiorari from the United

---

decision by a lower court on grounds different than those used by the lower court in reaching its decision.").

[4] Nichols proceeds pro se on appeal before this Court, but was counseled below.  In his summary-action responses, he insists that the fate of his petition "should not be linked to the type of remedy requested by a petitioner," implying that he was unaware of the importance attached to the relief he sought in District Court.  To the extent that he now demonstrates his amenability to an outcome other than rescission of his plea agreement, he cannot raise the matter for the first time on appeal.  See Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 187 (3d Cir. 2009); see also Link v. Wabash R.R. Co., 370 U.S. 626, 634 (1962) (parties are bound by the acts of their attorneys).  His District

States Supreme Court.

In sum, "[b]ecause this appeal does not present a substantial question, we will summarily affirm the District Court's judgment." Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

Court filings were not entitled to the liberal construction afforded to pro se litigants. Cf. Hartmann v. Carroll, 492 F.3d 478, 482 n.8 (3d Cir. 2007).