**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DONALD RAY NICHOLS,

      Defendant-Appellant.

No. 14-1246
(D.C. Nos. 1:13-CV-03232-RPM
& 1:95-CR-00093-RPM-1)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **McHUGH**, Circuit Judges.

Donald Ray Nichols, proceeding pro se, seeks a certificate of appealablity

(COA) to appeal the district court's denial of a COA.[1]  We deny a COA and dismiss

this matter.

In May 1995, Mr. Nichols pled guilty to aiding and abetting first degree

murder in violation of 18 U.S.C. §§ 2 and 1111.  He was sentenced to 420 months in

---

[*]    This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    Because Mr. Nichols proceeds pro se, we liberally construe his pleadings, but we will not act as his advocate.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

prison. Mr. Nichols did not file a direct criminal appeal. In 2000, he filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, asserting that (1) the government breached the plea agreement; (2) his plea was not entered into knowingly and voluntarily; and (3) his counsel was ineffective. The district court denied § 2255 relief. We denied a COA. *United States v. Nichols*, 18 F. App'x 770, 772 (10th Cir. 2001). In 2002, Mr. Nichols filed a second § 2255 motion, which the district court transferred to us to consider whether authorization to file a second or successive § 2255 motion should be granted. We denied authorization. *See Nichols v. United States*, No. 02-1264 (10th Cir. Aug. 2, 2002).

Late last year, Mr. Nichols filed another § 2255 motion, alleging counsel abandoned him by failing to file a § 2255 motion. On December 9, 2013, the district court determined that (1) it lacked jurisdiction to consider the § 2255 motion because it was an unauthorized second or successive motion; and (2) it was not in the interests of justice to transfer the motion to us. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). The court dismissed the motion[2] and denied a COA. Mr. Nichols did not appeal.

---

[2]    The district court actually denied the § 2255 motion for lack of jurisdiction, but it also recognized that it must dismiss a § 2255 motion for lack of jurisdiction or transfer the motion to this court in the interests of justice. We conclude the court simply misspoke by stating that it was denying the motion. Accordingly, we construe the court's order as dismissing, rather than denying, the motion.

On May 21, 2014, he filed a motion for a COA claiming that he had new evidence, obtained on December 7, 2013, showing that counsel abandoned him. On May 27, the district court denied a COA without explanation. Mr. Nichols appeals.[3]

The May 21 filing was yet another § 2255 motion, in which Mr. Nichols sought to attack his conviction and sentence. *See United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002) (deciding prisoner could not avoid second or successive bar by styling petition under a different name). Thus, we construe the district court's denial of a COA as not only denying a COA but also as dismissing an unauthorized second or successive § 2255 motion for lack of jurisdiction.

A COA is a jurisdictional prerequisite to our review of the district court's decision. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied a COA, we will grant one only if Mr. Nichols "shows, at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[3] In his notice of appeal, as well as his application for a COA, Mr. Nichols states that he is appealing from the district court's May 27 denial of a COA. In any event, we have jurisdiction to consider only the most recent district court order. *See* Fed. R. App. P. 4(a)(1)(B)(ii) (requiring notice of appeal to be filed within sixty days of entry of order if United States is party).

Mr. Nichols asserts, as he did before the district court, that we should grant a COA because on December 7, 2013, he received new evidence supporting his claim that counsel abandoned him. He clearly challenges the same murder conviction and sentence he challenged in his first and all subsequent § 2255 motions. The district court lacked jurisdiction to address the merits of his most recent second or successive motion unless we granted the required authorization, which we have not done. *In re Cline*, 531 F.3d at 1251. Reasonable jurists therefore could not debate the court's denial of a COA.

Accordingly, we deny the application for a COA and dismiss this matter.

<div style="margin-left: 50%;">

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

</div>