**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3444
_____

CLARENCE ROBINSON,
                              Appellant

v.

WARDEN CANAAN USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-17-cv-00466)
District Judge:  Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 17, 2021

Before: CHAGARES, PHIPPS and COWEN, Circuit Judges

(Opinion filed: February 24, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Clarence Robinson appeals from an order of the United States District Court for the Middle District of Pennsylvania, which dismissed his petition filed under 28 U.S.C. § 2241. We will affirm the District Court's judgment.

I.

In 1996, Robinson was convicted in the United States District Court for the District of Nebraska of conspiracy to distribute cocaine base. His sentence was enhanced to life imprisonment under 21 U.S.C. § 841(b)(1)(A), based on two prior felony drug convictions. In his current petition under 28 U.S.C. § 2241, Robinson argued that a California drug conviction (#SC 45252A, involving crack cocaine possession—hereafter, "the California conviction"), which the federal sentencing court counted as a predicate felony drug offense for his federal life sentence, "does not exist." Although he had raised similar arguments in prior habeas proceedings, Robinson asserted in this petition that when he recently tried to have the conviction designated as a misdemeanor pursuant to a new state law,[1] he learned that the California conviction had been dismissed altogether. The District Court dismissed Robinson's petition for lack of jurisdiction, because Robinson had not shown that 28 U.S.C. § 2255 was inadequate or ineffective for bringing

---

[1] California's "Proposition 47 . . . created a new resentencing provision: section 1170.18," which provided in part "that persons who have completed felony sentences for offenses that would now be misdemeanors under Proposition 47 may file an application with the trial court to have their felony convictions 'designated as misdemeanors.'" People v. Rivera, 183 Cal. Rptr. 3d 362, 365–66 (Cal. Ct. App., 6th Dist. 2015). The state court did not allow resentencing in Robinson's case because all the charges for the drug conviction had been dismissed in 1994. See Dkt. #1-1 at 3.

his claim, see, e.g., In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), and Robinson

timely appealed.

We appointed counsel for Robinson, without his objection, and asked the parties to

address:

> (1) whether Robinson's California drug conviction (#SC 45252A, involving crack cocaine possession) that was counted as a predicate felony drug offense for his 1996 conviction in the United States District Court for the District of Nebraska for conspiracy to distribute cocaine base was "dismissed" under California's former "civil addict program," see, e.g., People v. Ashe, No. C039833, 2003 WL 1950250, at *1-*2 (Cal. Super. Ct. Apr. 25, 2003) (unpublished opinion);

> (2) whether such a "dismissed," deferred, or expunged adjudication under state law constitutes a "conviction" under 21 U.S.C. § 841(b)(1); see United States v. Lopez, 907 F.3d 537, 546 (7th Cir.), reh'g and reh'g en banc denied (7th Cir. 2018), cert. denied, 139 S. Ct. 1612 (Apr. 22, 2019); see also United States v. Sorensen, 893 F.3d 1060, 1066 & n.3 (8th Cir. 2018); and

> (3) whether a claim that one is innocent of a sentence enhancement under 21 U.S.C. § 841(b) is a claim cognizable in a petition filed under 28 U.S.C. § 2241; cf. Gardner v. Warden, Lewisburg USP, 845 F.3d 99, 103 (3d Cir. 2017).

Order entered December 17, 2019. However, we later granted Robinson's motion to

proceed pro se. We thus decide this appeal based on Robinson's pro se opening brief and

reply brief, along with the Appellee's brief.

## II.

The parties agree that Robinson's California conviction was dismissed under

former § 3200(b) of the California Welfare and Institutions Code, which permitted courts

3

to dismiss convictions for defendants who had been declared a narcotic drug addict, committed to the California Rehabilitation Center, and satisfactorily completed that term of commitment. They disagree as to whether such a dismissed conviction could be used to enhance Robinson's federal sentence, and whether Robinson can challenge the sentence enhancement through a § 2241 petition.

"[U]nder the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam) (quoting § 2255(e)). One narrow and rarely applied exception is when "an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review." See Bruce v. Warden, Lewisburg USP, 868 F.3d 170, 179 (3d Cir. 2017) (citing In re Dorsainvil, 119 F.3d at 251).

We have not decided whether § 2241 is appropriate for bringing a claim that one is "innocent" of a sentence enhancement after a change in decisional law. See generally United States v. Doe, 810 F.3d 132, 160-61 (3d Cir. 2015). We need not make that determination here, because even if we were to determine, as have some of our sister courts, that the § 2255(e) savings clause should apply to challenges to an enhanced sentence, Robinson's challenge would not meet that expanded definition. In other words, we agree with the District Court that Robinson has not shown that § 2255 is inadequate or ineffective for bringing his claim.

4

First, Robinson does not claim to rely on any intervening change of law; as we discuss below, case law discussing how to treat dismissed convictions under § 841(b) has not changed since the time of Robinson's initial § 2255 motion. See In re Dorsainvil, 119 F.3d at 251 (noting that the safety valve exception applies to "a prisoner who had no earlier opportunity to challenge his conviction for a crime that *an intervening change in substantive law* may negate" (emphasis added)). Courts that have applied § 2255(e)'s safety valve to sentencing claims have similarly required a change in law.[2]

Nor does Robinson rely on a change in fact. Cf. McNair v. United States, 962 F.3d 367, 369 (7th Cir. 2020). Robinson argues that he recently learned that his California conviction "does not exist." Whether one would characterize this argument as a new "fact" or new recognition of legal consequences, see generally Johnson v. United States, 544 U.S. 295, 302 (2005) (concluding that a state-court decision in the petitioner's own case qualifies as a "matter of fact" for purposes of § 2255's timeliness provision),

_____

[2] See, e.g., Allen v. Ives, 950 F.3d 1184, 1190 (9th Cir. 2020) (applying safety-valve to career offender claim where "(1) . . . the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) . . . the law changed in [a] way relevant to petitioner's claim after that first § 2255 motion") (quotation marks omitted); United States v. Wheeler, 886 F.3d 415, 419 (4th Cir. 2018) (considering § 2241 petition on the merits "because a retroactive change in the law, occurring after the time for direct appeal and the filing of his first § 2255 motion, rendered his applicable mandatory minimum unduly increased, resulting in a fundamental defect in his sentence"); Hill v. Masters, 836 F.3d 591, 599-600 (6th Cir. 2016) (allowing use of § 2241 for "(1) prisoners who were sentenced under the mandatory guidelines regime pre-United States v. Booker, 543 U.S. 220 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement"); Brown v. Caraway, 719 F.3d 583, 586, 588 (7th Cir. 2013) (allowing petitioner sentenced before Booker to use § 2241

Robinson's argument does not meet the narrow exception of § 2255(e). Robinson's California conviction already had been dismissed at the time of his sentencing—nothing has changed regarding that conviction, either legally or factually, since his sentencing. And Robinson had reason to know about the dismissal: he was present when the California conviction was dismissed, see App. 41a, and the presentence report filed for purposes of Robinson's federal sentence plainly stated that the California conviction had been dismissed.[3] Robinson's allegation that he did not know about the conviction's dismissal does not make § 2255 inadequate or ineffective. See Lee v. Sanders, 943 F.3d 1145, 1147 (8th Cir. 2019) ("We consider § 2255 adequate and effective even in a case where the petitioner is unaware of his claim[.]").

Moreover, Robinson's California conviction, though dismissed, remains a "conviction" for purposes of federal sentence enhancement, under both current law and the law in effect at the time of his sentencing. We addressed a similar issue in United States v. Meraz, 998 F.2d 182 (3d Cir. 1993), where we rejected a defendant's claim that a New Mexico conviction did not qualify as a conviction for purposes of 21 U.S.C. § 841(b)(1)(B) because it had been dismissed after a probationary period. We first

---

to bring a sentencing claim that relied on an intervening change in law).

[3] See Appellant's Exhibit D (one-page excerpt from presentence report, stating that the California conviction "was dismissed subsequent to the defendant's release from incarceration, pursuant to W and I Code 3200"). The entire report is contained in Appellee's Supplemental Appendix. See Supp. App. 10, Presentence Investigation Report, Dkt. #43 ¶ 49, United States v. Robinson, 8-95-cr-00079 (D. Neb.) (under seal). Robinson's federal criminal docket reflects that the Report was filed before his sentencing.

6

determined that, under federal law, the conviction had "become final" because it was no longer "subject to attack on direct appeal."[4] Id. at 184. Here, Robinson's conviction was "final" under the federal definition, as the state court had imposed a sentence and Robinson had completed an appeal of that sentence.

In Meraz, we went on to explain that a state's law may "shed[] some light on the intended effect" of its treatment of the conviction and sentence. Id. (observing that "New Mexico's habitual criminal statute imposes enhanced penalties on convicted felons even if the charges against them have been dismissed pursuant to the deferred sentence statute"). Likewise, the California statute under which Robinson's conviction was dismissed, California Welfare and Institutions Code § 3200(b) (repealed), provided that a conviction dismissed under that section "shall have the same force and effect as a dismissal under Section 1203.4 of the Penal Code." And Section 1203.4 provided at the time of the dismissal, as it does now, that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." Cal. Penal Code § 1203.4(a)(1). Thus, Robinson's allegation that his California conviction has no legal effect is incorrect. Cf. United States v. Stallings, 301 F.3d 919, 922 (8th Cir. 2002) (explaining that under California law, a judgment would exist for purposes of § 841(b) if the court had "impose[d] sentence and order[ed] its execution to be stayed"). See also United States v. Pritchett, 749 F.3d 417,

---

[4] The language of § 841(b)(1)(A) similarly requires a "final" conviction.

7

426–27 (6th Cir. 2014) ("Every other circuit that has considered the issue of alternative or diversionary sentences for first offenders has held that a deferred, expunged or dismissed state conviction qualifies as a prior conviction under § 841."); United States v. Norbury, 492 F.3d 1012, 1015 (9th Cir. 2007) (explaining that a "dismissed state conviction qualifies as a prior conviction if the . . . dismissal does not alter the legality of the conviction or does not represent that the defendant was actually innocent of the crime," and that a state court's dismissal with prejudice does not "amount[] to a determination that the crime never occurred or that [the defendant] was in fact innocent").

For these reasons, we will affirm the District Court's judgment.[5]

---

[5] We grant the Appellee's motion to file a supplemental appendix under seal, and 3d Cir. ECF No. 86 will be sealed for 25 years. See 3d Cir. L.A.R. Misc. 106.1(c). However, the Appellee is directed to refile as a separate volume its supplemental appendix, omitting the presentence investigation report; that separate volume will not be sealed. We also grant the Appellee's motion to supplement the record, as we can take judicial notice of the supplementary documents. See Orabi v. Att'y Gen., 738 F.3d 535, 537 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").